MARK A. BARONDESS (State Bar No. 199901)
mbarondess@millerbarondess.com
COLIN H. ROLFS (State Bar No. 280654)
crolfs@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone:(310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendant
DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DOS AMICAS LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KATIE OSBORN SPIRKO, an individual; DANA CROSLAND McLENDON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:26-cv-04915-DSF**<br><br>**DEFENDANT DANA CROSLAND McLENDON III'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   August 17, 2026<br>Time:   1:30 p.m.<br>Crtrm:  7D<br><br>Assigned for All Purposes to:<br>Hon. Dale S. Fischer, Courtroom 7D |

825156.2

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 17, 2026, at 1:30 p.m.—or as soon thereafter as this matter may be heard—in Courtroom 7D of the United States District Court for the Central District of California, located on the 7th floor of the Felicitas and Gonzalo Mendez United States Courthouse at 350 West First Street, Los Angeles, California 90012, Defendant DANA CROSLAND MCLENDON III ("McLendon") will and hereby does move this Court for an order dismissing Plaintiff DOS AMICAS LLC's ("Plaintiff") Complaint against McLendon for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

This Motion is made on the grounds that this Court lacks subject matter jurisdiction because Plaintiff has failed to establish diversity jurisdiction under 28 U.S.C. § 1332 and because the copyright infringement claim—the sole basis for federal question jurisdiction—is so insubstantial and frivolous as to McLendon that it cannot confer jurisdiction. Additionally, to the extent the Court dismisses the Complaint's copyright infringement claim in deciding McLendon's separate motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should also decline supplemental jurisdiction over all state law claims against McLendon.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dana Crosland McLendon III, the pleadings and papers on file in this action, and such other matters as the Court may consider at the hearing on this Motion.

This Motion is made following a telephonic conference of counsel pursuant to Local Rule 7-3, which took place on July 8, 2026. (*See* Declaration of Mark Barondess.) The parties were unable to resolve the issues raised in this Motion. (*Id*.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825156.2

2

DATED: July 15, 2026                    MILLER BARONDESS, LLP


                                        By:     */s/ Colin H. Rolfs*
                                        _____
                                        COLIN H. ROLFS
                                        Attorneys for Defendant
                                        DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

825156.2

3

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 7

I. INTRODUCTION ................................................................. 7

II. STATEMENT OF RELEVANT FACTS ......................................... 7

III. LEGAL STANDARD ........................................................... 8

IV. THE COURT LACKS SUBJECT MATTER JURISDICTION ....................... 8

    A. Plaintiff Has Not Established Diversity Jurisdiction ............................ 8

    B. The Copyright Claim Does Not Confer Federal Question Jurisdiction ............................................................. 10

    C. The Court Should Decline Supplemental Jurisdiction Over the State-Law Claims If It Dismisses The Copyright Claim ...................... 11

V. CONCLUSION ................................................................. 13

CERTIFICATE OF COMPLIANCE ................................................. 14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825156.2

4

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Acri v. Varian Assocs., Inc.*,
    114 F.3d 999 (9th Cir. 1997) ................................................................... 12

*Bell v. Hood*,
    327 U.S. 678 (1946) ............................................................................... 10

*Biani v. Showtime Networks, Inc.*,
    153 F.4th 957 (9th Cir. 2025) ................................................................. 11

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988) ............................................................................... 12

*Diefenthal v. C.A.B.*,
    681 F.2d 1039 (5th Cir. 1982) .................................................................. 9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
    499 U.S. 340 (1991) .......................................................................... 10, 11

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
    586 U.S. 296 (2019) ............................................................................... 10

*Hagans v. Lavine*,
    415 U.S. 528 (1974) ............................................................................... 10

*Hanagami v. Epic Games, Inc.*,
    85 F.4th 931 (9th Cir. 2023) ................................................................... 11

*Johnson v. Columbia Props. Anchorage, LP*,
    437 F.3d 894 (9th Cir. 2006) .................................................................... 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ................................................................................. 8

*Matheson v. Progressive Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003) .................................................................. 8

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*,
    298 U.S. 178 (1936) ................................................................................. 9

*Rentmeester v. Nike, Inc.*,
    883 F.3d 1111 (9th Cir. 2018) ................................................................ 10

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

825156.2

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

*Skidmore v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020)..................................................................................10, 11

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) ..............................................................................................12


**FEDERAL STATUTES**

17 U.S.C. § 102(b)........................................................................................................11

17 U.S.C. § 411(a) ......................................................................................................10

28 U.S.C. § 1331...................................................................................................7, 10

28 U.S.C. § 1332.................................................................................................7, 8, 9

28 U.S.C. § 1338.................................................................................................7, 10

28 U.S.C. § 1367(a) .............................................................................................7, 10

28 U.S.C. § 1367(c)(3) ...............................................................................................12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

6

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case should be dismissed because the Court lacks subject matter jurisdiction.  Plaintiff Dos Amicas LLC ("Plaintiff") has not established diversity jurisdiction under 28 U.S.C. § 1332.  The Complaint fails to adequately plead complete diversity of citizenship or that the amount in controversy exceeds $75,000.  Nor can Plaintiff establish federal question jurisdiction.  The only putative federal claim for copyright infringement is so insubstantial, implausible, and devoid of support that it cannot confer jurisdiction.  The Court should thus dismiss the Complaint for lack of subject matter jurisdiction.

## II.    STATEMENT OF RELEVANT FACTS

The Complaint—filed against Defendant Dana Crosland McLendon III ("McLendon") and Co-Defendant Katie Osborn Spirko ("Spirko")—asserts subject matter jurisdiction under: (1) 28 U.S.C. § 1332 (diversity of citizenship); and (2) 28 U.S.C. §§ 1331, 1338, and 1367(a) (federal question and supplemental jurisdiction based on the copyright claim).  (Plaintiff's Complaint ("Compl.") ¶¶ 7–8.)

According to the Complaint, Plaintiff Dos Amicas LLC is developing a documentary project about the criminal prosecution of Zach Adams in Tennessee (the "Project"), which the Complaint describes as "presently-in-development." (Compl. ¶ 87.)  In June 2024, Defendant Spirko signed an agreement with Plaintiff entitled "Appearance Release" (the "Appearance Release Agreement") in connection with Plaintiff's purported Project.  (*Id.* ¶¶ 9, 33.)

Defendant McLendon is a Tennessee attorney.  (Compl. ¶ 4.)  McLendon is not a signatory to the Appearance Release Agreement.  (*Id.*, Ex. A.)  Spirko retained McLendon to represent her interests in connection with disputes relating to the Appearance Release Agreement.  (*Id.* ¶ 15.)  On October 1, 2025, McLendon filed what the Complaint identifies as the "Tennessee Litigation" on Spirko's behalf as to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

these disputes (*Spirko v. Dos Amicas LLC*, Case No. 25-1383-III) in Tennessee Chancery Court.  (*Id.* ¶ 13.)  McLendon has since withdrawn as Spirko's counsel in the Tennessee Litigation to devote himself to representing Zach Adams in post-conviction proceedings.  McLendon and Spirko also co-host the "Trial and Error" Podcast (the "Podcast"), which discusses the criminal prosecution of Zach Adams.  (*Id.* ¶ 38.)  The gravamen of the Complaint is that the Tennessee Litigation and Podcast have somehow interfered with the Project.  (*Id.* ¶ 51.)

## III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction.  Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the party asserting it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## IV.    THE COURT LACKS SUBJECT MATTER JURISDICTION

### A.    Plaintiff Has Not Established Diversity Jurisdiction

Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332.  (Compl. ¶¶ 2, 7.)  But the Complaint fails to establish complete diversity of citizenship because it fails to adequately allege the citizenship of Plaintiff.  A limited liability company such as Plaintiff is a citizen of every state in which any one of its members is a citizen.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The Complaint, however, fails to identify the citizenship of all members of Plaintiff.  The Complaint alleges *only* the citizenship of Plaintiff's two "*managing members.*"  (Compl. ¶ 2 (emphasis added).)  The Complaint fails to allege the citizenship of any non-managing members or that these two individuals are Plaintiff's only members.  Plaintiff's citizenship has thus not been established.

The Complaint also fails to adequately allege that the amount-in-controversy exceeds the jurisdictional threshold.  The party invoking diversity jurisdiction bears the burden of establishing that the amount in controversy exceeds $75,000.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003);

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825156.2

8

28 U.S.C. § 1332. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982). Where the complaint's allegations of damages are conclusory and unsubstantiated, the court may require further proof. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

Here, Plaintiff's conclusory allegation that "the amount in controversy, as reflected by Plaintiff's assessment of its damages to be proven at trial exceeds $75,000.00" is without any substance. (Compl. ¶ 7.) The gravamen of the Complaint is that Plaintiff's Project has somehow been diminished by the Tennessee Litigation and Podcast. (*Id.* ¶ 73.) But the Complaint fails to explain what commercial value the Project purportedly has, much less how that value has been damaged. The Complaint does not allege the Project has even been completed, much less that it has any plausible prospects for commercial success. According to the Complaint, the only material Plaintiff appears to have yet finished is a "sizzle reel" and a "treatment" for the Project. (*Id.* ¶ 89.) It would be speculative to claim that an unfinished documentary by unknown producers regarding a Tennessee criminal prosecution has any value at all, much less any meaningful, quantifiable value. To claim the Project not only has substantial value but has sustained in excess of $75,000 in damages because of the Tennessee Litigation and Podcast is frivolous and should not be credited.

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

## B.    The Copyright Claim Does Not Confer Federal Question Jurisdiction

A federal claim that is "wholly insubstantial and frivolous" or "essentially fictitious" does not confer federal question jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). Plaintiff's copyright claim—the sole asserted basis for federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338—is so insubstantial that it likewise cannot confer jurisdiction.

Plaintiff's copyright claim is completely devoid of merit. First, under *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019), "registration . . . has been made" within the meaning of 17 U.S.C. § 411(a), "and a copyright owner may sue for infringement," only when the Copyright Office actually registers or refuses to register the copyright—not when the applicant merely files an application. *Id*. at 302–03. The Complaint alleges only that Plaintiff "has filed for copyright protection" and is "uploading and registering" its materials. (Compl. ¶ 89.) Plaintiff does not claim any registration has actually been issued, much less for a work as to which infringement could be established.

Second, the Complaint never even identifies any specific copyrighted work—registered or unregistered—that was allegedly copied, reproduced, distributed, or from which a derivative was created. To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The copying element has "two separate components: 'copying' and 'unlawful appropriation.'" *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). As to the first, a plaintiff must show the defendant had "access to the plaintiff's work and that the two works share similarities probative of copying." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), overruled in part on other grounds by

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825156.2

10

*Skidmore*, 952 F.3d 1051 (en banc); *see also Biani v. Showtime Networks, Inc.*, 153 F.4th 957, 964 (9th Cir. 2025) (access requires "evidence of a chain of events between the plaintiff's work and defendants' access to that work or evidence that the plaintiff's work has been widely disseminated"). As to the second, the plaintiff must show the defendant copied enough of the plaintiff's protected expression of ideas or concepts to render the two works "substantially similar." *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 940-41 (9th Cir. 2023). Plaintiff's Complaint alleges none of this. It identifies no copyrighted work, alleges no facts from which access could be inferred, and makes no showing of similarity—probative, substantial, or otherwise—between any work of Plaintiff and any conduct by Defendants.

Third, Under 17 U.S.C. § 102(b), copyright protection does not extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery." Facts—including the facts of a criminal proceeding—are not copyrightable. *Feist*, 499 U.S. at 344–45 ("facts are not copyrightable"). By the Complaint's own admission, the "Trial and Error" Podcast discusses the same real-world events—the Zach Adams prosecution—that Plaintiff's yet-to-be-completed documentary Project purports to cover. Discussing the same factual subject matter in a different medium is not copyright infringement. It is the exercise of First Amendment rights to comment on matters of public interest. Two people covering the same news story do not infringe each other's copyright.

Plaintiff's copyright claim is frivolous and insufficient to confer jurisdiction. The copyright claim exists solely as an improper vehicle to invoke federal jurisdiction over what is fundamentally a state-law contract dispute.

### C. The Court Should Decline Supplemental Jurisdiction Over the State-Law Claims If It Dismisses The Copyright Claim

Lastly, to the extent the Court dismisses the copyright claim on McLendon's separate motion to dismiss for failure to state a claim, the Court also may decline supplemental jurisdiction over the Complaint's state law claims against McLendon.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Under 28 U.S.C. § 1367(c)(3), a district court may decline supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction."  The Supreme Court has recognized that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (reaffirming that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.)

Here, if the Court dismisses the copyright infringement claim—as it should—the remaining claims against McLendon are exclusively state-law causes of action: intentionally inducing breach of contract, intentional interference with prospective economic advantage, and civil conspiracy.  The balance of factors thus strongly favors declination:

**Judicial economy and convenience**: The Tennessee Litigation (*Spirko v. Dos Amicas LLC*, Case No. 25-1383-III) is already pending in Tennessee Chancery Court and addresses the same core dispute—the validity and enforceability of the Appearance Release Agreement.  (Declaration of Dana McLendon ("McLendon Decl.") ¶ 8.)

**Fairness**: All of the operative conduct occurred in Tennessee.  (McLendon Decl. ¶ 6.)  McLendon is a Tennessee resident and Tennessee lawyer.  (*Id*. ¶ 2.)  Spirko resides in Tennessee.  (*Id*. ¶ 7.)  The witnesses and evidence are in Tennessee.

**Comity**: Tennessee has a paramount interest in regulating the conduct of its attorneys and adjudicating disputes arising from Tennessee litigation.  The state-law claims implicate Tennessee's litigation privilege and Tennessee legal ethics.

825156.2

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

The Tennessee Litigation was filed first (October 1, 2025), both proceedings involve the same parties and overlapping issues, and the Tennessee forum is adequate to resolve Plaintiff's state-law contract and tort claims.  The Court should thus decline supplemental jurisdiction and dismiss the state-law claims against McLendon without prejudice.

## V.   CONCLUSION

For all of the foregoing reasons, McLendon respectfully requests that the Court dismiss the Complaint herein for lack of subject matter jurisdiction.

DATED:  July 15, 2026                          Respectfully Submitted,

MILLER BARONDESS, LLP

By:      */s/ Colin H. Rolfs*
COLIN H. ROLFS
Attorneys for Defendant
DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825156.2

13

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Dana Crosland McLendon III, certifies that this brief contains 1,908 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 15, 2026                    MILLER BARONDESS, LLP


By:    ___/s/ Colin H. Rolfs_____
          COLIN H. ROLFS
          Attorneys for Defendant
          DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

825156.2

14

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)