MARK A. BARONDESS (State Bar No. 199901)
mbarondess@millerbarondess.com
COLIN H. ROLFS (State Bar No. 280654)
crolfs@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendant
DANA CROSLAND McLENDON III

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DOS AMICAS LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KATIE OSBORN SPIRKO, an individual; DANA CROSLAND McLENDON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:26-cv-04915-DSF**<br><br>**DEFENDANT DANA CROSLAND McLENDON III'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August 17, 2026<br>Time:    1:30 p.m.<br>Crtrm:   7D<br><br>Assigned for All Purposes to:<br>Hon. Dale S. Fischer, Courtroom 7D |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823813.2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 17, 2026, at 1:30 p.m.—or as soon thereafter as this matter may be heard—in Courtroom 7D of the United States District Court for the Central District of California, located on the 7th floor of the Felicitas and Gonzalo Mendez United States Courthouse at 350 West First Street, Los Angeles, California 90012, Defendant DANA CROSLAND MCLENDON III ("McLendon") will and hereby does move this Court for an order dismissing Plaintiff DOS AMICAS LLC's ("Plaintiff") Complaint against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

This Motion is made on the grounds that this Court lacks both general and specific personal jurisdiction over McLendon, a Tennessee resident who has no meaningful contacts with the State of California, and whose alleged conduct occurred entirely in Tennessee. The sole basis for jurisdiction alleged in the Complaint—a "conspiracy theory" of jurisdiction—is legally insufficient and factually unsupported.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dana Crosland McLendon III, the pleadings and papers on file in this action, and such other matters as the Court may consider at the hearing on this Motion.

This Motion is made following a telephonic conference of counsel pursuant to Local Rule 7-3, which took place on July 8, 2026. (*See* Declaration of Mark Barondess.) The parties were unable to resolve the issues raised in this Motion. (*Id*.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

823813.2

2

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

DATED:  July 15, 2026                MILLER BARONDESS, LLP


By:      */s/ Colin H. Rolfs*
COLIN H. ROLFS
Attorneys for Defendant
DANA CROSLAND McLENDON III



MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823813.2

3

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 8

I.   INTRODUCTION .......................................................................................... 8

II.  STATEMENT OF RELEVANT FACTS ...................................................... 8

III. LEGAL STANDARD ................................................................................. 10

IV.  ARGUMENT ............................................................................................... 11

    A.   This Court Lacks General Jurisdiction Over McLendon ..................... 11

    B.   This Court Lacks Specific Jurisdiction Over McLendon ..................... 11

        1.   McLendon Did Not Purposefully Direct Any Activity at California ................................................................................ 11

        2.   Plaintiff's Claims Do Not Arise From Any Forum-Related Conduct ................................................................................... 13

    C.   The Forum Selection Clause Does Not Bind McLendon ..................... 13

    D.   The Conspiracy Theory of Personal Jurisdiction Fails ....................... 15

    E.   Even If Minimum Contacts Existed, Exercising Jurisdiction Would Be Unreasonable ..................................................................... 18

V.   CONCLUSION ........................................................................................... 19

CERTIFICATE OF COMPLIANCE ...................................................................... 20

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977)................................................................................9

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017)............................................................................12

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)............................................................................................17

*Calder v. Jones*,
    465 U.S. 783 (1984)............................................................................................10

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)............................................................................................10

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
    557 F.2d 1280 (9th Cir. 1977)..............................................................................9

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
    711 F. Supp. 2d 1074 (C.D. Cal. 2010)..............................................................14

*Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*,
    905 F.3d 597 (9th Cir. 2018)..............................................................................17

*Gemini Enters., Inc. v. WFMY Television Corp.*,
    470 F. Supp. 559 (M.D.N.C. 1979)....................................................................15

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
    328 F.3d 1122 (9th Cir. 2003).............................................................................17

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)............................................................................................10

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007)..............................................................................13

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .....................................................................................7, 9, 18

*Kipperman v. McCone*,
    422 F. Supp. 860 (N.D. Cal. 1976) ....................................................................15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

823813.2

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
    858 F.2d 509 (9th Cir. 1988)........................................................................13

*Milliken v. Meyer*,
    311 U.S. 457 (1940) .........................................................................................9

*Morris v. Atchity*,
    2009 WL 463971 (C.D. Cal. Jan. 13, 2009) .......................................14

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015).................................................................11, 12

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991)......................................................................17

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004)...........................................................9, 10, 11

*U.S. Vestor, L.L.C. v. Biodata Info. Tech. AG*,
    290 F. Supp. 2d 1057 (N.D. Cal. 2003) ............................................14

*Underwager v. Channel 9 Australia*,
    69 F.3d 361 (9th Cir. 1995).................................................................15, 16

*Walden v. Fiore*,
    571 U.S. 277 (2014) ..............................................................................10, 11

**STATE CASES**

*Bergstein v. Stroock & Stroock & Lavan LLP*,
    236 Cal. App. 4th 793 (2015)......................................................................16

*Brown v. Kennard*,
    94 Cal. App. 4th 40 (2001)..........................................................................16

*Silberg v. Anderson*,
    50 Cal.3d 205 (1990)....................................................................................16

*Simpson Strong-Tie Co. v. Stewart, Estes & Donnell*,
    232 S.W.3d 18 (Tenn. 2007) .......................................................................16

**STATE STATUTES**

Cal. Civ. Code § 47(b)........................................................................................16

Cal. Civ. Proc. Code § 410.10 ...........................................................................9

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(2) ..................................................................................... 9

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Dana Crosland McLendon III ("McLendon") is a trial lawyer who has practiced law exclusively in Franklin, Tennessee, since 1993.  He has no office, property, bank accounts, employees, or clients in California.  He is not a party to any contract submitting himself to California jurisdiction.  He did not direct any tortious conduct at California.

The Complaint's sole basis for asserting personal jurisdiction over McLendon is a threadbare, conclusory allegation—made on "information and belief"—that McLendon somehow "conspired" with his own client to breach a contract to which McLendon is not a party.

Under the Due Process Clause of the Fourteenth Amendment and decades of Supreme Court and Ninth Circuit precedent, a defendant must have "minimum contacts" with the forum state such that the exercise of jurisdiction comports with "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  McLendon has no such contacts with California.  The Complaint's conspiracy-based theory of jurisdiction fails as a matter of law because (1) California law does not recognize conspiracy as a basis for personal jurisdiction; (2) even jurisdictions that recognize the theory require far more than the conclusory allegations in the Complaint; and (3) an attorney's zealous advocacy on behalf of a client in a lawsuit outside of California cannot be transmuted into "conspiracy" to manufacture jurisdiction.

The Court should dismiss all claims against McLendon for lack of personal jurisdiction.

### II.    STATEMENT OF RELEVANT FACTS

McLendon is an attorney in good standing licensed in Tennessee who resides and conducts business in Franklin, Tennessee.  (Plaintiff's Complaint ("Compl.") ¶ 4; Declaration of Dana Crosland McLendon III ("McLendon Decl.") ¶ 2.) Since

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1993, McLendon has practiced law predominantly in Tennessee state courts, handling criminal defense, family law, and general civil litigation in trial and appellate courts in middle Tennessee.  (McLendon Decl. ¶ 2.)  That is the exclusive province of his legal practice.

McLendon has no regular contacts with California.  (McLendon Decl. ¶ 3.) Over ten years ago, he traveled to California a few times in connection with an unrelated movie project that never materialized.  (*Id*. ¶ 5.)  Since then, he has been to California only a few times—once passing through the San Diego airport to escort an individual to a rehabilitation facility in Mexico, and two or three times to attend baseball games.  (*Id*.)  He has no written contract with anyone submitting himself to jurisdiction in California.  (*Id*. ¶ 4.)  He has no property, bank accounts, registered agents, employees, or clients in California.  (*Id*. ¶ 3.)

Plaintiff Dos Amicas LLC ("Plaintiff") is a Nevada LLC with its principal place of business in Los Angeles, California.  (Compl. ¶ 1.)  In June 2024, Plaintiff entered into an agreement entitled "Appearance Release" (the "Appearance Release Agreement") with co-defendant Katie Osborn Spirko ("Spirko"), a forensic and clinical neuropsychologist who resides in Nashville, Tennessee.  (*Id*. ¶¶ 3, 9, 33.) McLendon is not a signatory to the Appearance Release Agreement and was not involved in its negotiation or execution.  (McLendon Decl. ¶ 4.)  McLendon did not learn of the Appearance Release Agreement's existence until approximately May 2025.  (*Id*. ¶ 20.)

The Complaint alleges that McLendon represented Spirko in Tennessee litigation (*Spirko v. Dos Amicas LLC*, Chancery Court of Davidson County, Tennessee, Case No. 25-1383-III) and co-hosts a podcast called "Trial and Error" (the "Podcast") with Spirko concerning the Zach Adams criminal case—a matter of significant public interest involving an alleged wrongful conviction in the Holly Bobo murder case in Tennessee.  (Compl. ¶¶ 15, 38, 47; McLendon Decl. ¶¶ 8, 11.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823813.2

9

The Complaint's sole allegation regarding personal jurisdiction over McLendon is contained in paragraph 11, which states: "By virtue of acting as Spirko's co-conspirator in carrying out the violations of law set forth in further detail in the balance of this Complaint, McLendon has also availed himself to jurisdiction in this Court…"  (Compl. ¶ 11.)  *This is the entirety of Plaintiff's jurisdictional theory as to McLendon.*

## III.    LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the Court resolves the motion without an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts."  *Id*. Uncontroverted allegations in the complaint are taken as true, and conflicts in the evidence are resolved in the plaintiff's favor.  *Id*.  However, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc*., 557 F.2d 1280, 1284 (9th Cir. 1977). Critically, "bare allegations" and conclusory assertions are insufficient; the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

Because California's long-arm statute is coextensive with constitutional due process limits, Cal. Code Civ. Proc. § 410.10, the jurisdictional analysis under Rule 12(b)(2) in this District collapses into a single inquiry: whether the exercise of jurisdiction comports with due process.  *Schwarzenegger*, 374 F.3d at 800–01.  Due process requires that a nonresident defendant have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823813.2

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

## IV.    ARGUMENT

### A.    This Court Lacks General Jurisdiction Over McLendon

General jurisdiction exists only where a defendant is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  For an individual, this means the person's domicile. *Id.*

McLendon is domiciled in Franklin, Tennessee.  As previously noted, he has practiced law there since 1993 and has no office, property, bank accounts, employees, or ongoing business relationships in California.  (McLendon Decl. ¶¶ 2–3.)  His handful of personal visits to California over the past decade—attending baseball games and passing through an airport—fall far short of the "continuous and systematic" contacts required for general jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

The Complaint does not even attempt to allege general jurisdiction—nor could it—and relies solely on specific jurisdiction theories.  General jurisdiction is entirely absent.

### B.    This Court Lacks Specific Jurisdiction Over McLendon

Specific jurisdiction requires satisfaction of a three-part test: (1) the defendant must have purposefully directed activities at, or consummated a transaction with, the forum (purposeful availment/direction); (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger*, 374 F.3d at 802.  The plaintiff bears the burden on the first two prongs; if met, the burden shifts to the defendant to show that jurisdiction would be unreasonable. *Id.*

#### 1.    McLendon Did Not Purposefully Direct Any Activity at California

For intentional tort claims, the Ninth Circuit applies the "effects test" derived from *Calder v. Jones*, 465 U.S. 783 (1984), as refined by the Supreme Court in *Walden v. Fiore*, 571 U.S. 277 (2014).  Under this test, the defendant must have:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

823813.2

11

(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 805.

Critically, in *Walden*, the Supreme Court recalibrated the *Calder* effects test and held that "the plaintiff cannot be the only link between the defendant and the forum." 571 U.S. at 285. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290. The relationship between the defendant and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 284 (emphasis in original).

In the instant case, every act attributed to McLendon occurred in Tennessee:

A. Representing Spirko in the Tennessee Litigation—filed in Nashville, Tennessee;

B. Co-hosting the "Trial and Error" Podcast—recorded in Tennessee;

C. Participating in telephone calls—from Tennessee;

D. Making social media appearances—from Tennessee.

(McLendon Decl. ¶¶ 6, 8–9, 11.)

None of these acts were "*expressly aimed*" at California. McLendon's representation of Spirko in Tennessee state court is quintessentially Tennessee conduct. His Podcast discusses a Tennessee criminal case. The only connection to California is that Plaintiff happens to have its principal place of business here—but *Walden* expressly forecloses this as a basis for jurisdiction. *Walden*, 571 U.S. at 285.

The Ninth Circuit's decision in *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015), is directly on point. There, the court held that a defendant's tortious conduct outside the forum state did not establish specific jurisdiction merely because the plaintiff felt effects in the forum. *Id*. at 1214. The court emphasized that under *Walden*, "our personal jurisdiction analysis must focus on the defendant's contacts

823813.2

12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

with the forum state, not the defendant's contacts with a resident of the forum." *Id.* Similarly, in *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017), the Ninth Circuit reaffirmed that something more than the defendant's knowledge that the plaintiff is located in the forum is required to satisfy the express aiming prong.

The Complaint's allegations that McLendon participated in a May 2025 telephone call (Compl. ¶ 41), appeared on social media (*id.* ¶ 48), and filed a lawsuit in Tennessee (*id.* ¶ 47) are not forum-directed conduct. An out-of-state phone call does not confer personal jurisdiction in the forum where the other party happens to receive it. Social media activity from Tennessee that discusses a Tennessee case is not activity "expressly aimed" at California. And filing a lawsuit in Tennessee is the antithesis of purposefully directing activity at California—it is purposefully directing activity at Tennessee.

### 2. Plaintiff's Claims Do Not Arise From Any Forum-Related Conduct

Even assuming McLendon had some attenuated connection to California (which he does not), Plaintiff's claims do not "arise out of or relate to" any California-directed conduct. The alleged tortious interference, inducement of breach, and copyright infringement all relate to McLendon's activities in Tennessee: filing the Tennessee Litigation on Spirko's behalf, recording the Podcast in Tennessee about a Tennessee criminal case, and advising his client in Tennessee about an agreement she signed. None of this conduct has any connection to California beyond the incidental fact that Plaintiff is located there.

### C. The Forum Selection Clause Does Not Bind McLendon

Plaintiff's Complaint references a forum selection clause in the Appearance Release Agreement, which provides: "[T]his Release shall be governed by and construed in accordance with the laws of the State of California applicable to agreements made entirely therein and the parties hereto agree to submit to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823813.2

13

jurisdiction in the State of California in the City and County of Los Angeles." (Compl. ¶ 9, Ex. A.)

Plaintiff completely ignores the critical fact that *McLendon is not a signatory to the Appearance Release Agreement.*  He is not a "part[y] hereto."  The clause, by its plain terms, binds only Spirko and Plaintiff Dos Amicas LLC—the contracting parties.

A forum selection clause generally cannot confer personal jurisdiction over a non-signatory who never agreed to be bound by it.  *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007).  In *Holland America Line*, the Ninth Circuit affirmed dismissal of claims against non-signatory defendants for lack of personal jurisdiction because the plaintiff failed to present any evidence that the non-signatory defendants had ever agreed to the forum selection clause.  *Id.*

The same is true here: there is no document, agreement, or other evidence that McLendon ever consented to the forum selection clause in the Appearance Release Agreement.  Indeed, McLendon did not even learn of the Appearance Release Agreement's existence until approximately May 2025—nearly a year after it was executed.  (McLendon Decl. ¶ 20.)

Nor does the closely-related-party doctrine referenced in *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988), save Plaintiff's position.  Under that doctrine, a forum selection clause may bind a non-signatory whose alleged conduct is "closely related to the contractual relationship."  *Id*.  But *Manetti-Farrow* never addressed personal jurisdiction.  It was an enforcement decision in which the non-signatory defendants themselves invoked the clause to secure their own dismissal, not a case about a plaintiff wielding the doctrine to drag an unrelated non-signatory into a forum for jurisdictional purposes.

Courts confronting that precise maneuver have rejected it.  In *Pray, Inc. v. Christian Care Ministry, Inc.*, 2024 WL 1680053, at *4-6 (C.D. Cal. Apr. 5, 2024), the court rejected an attempt to base personal jurisdiction over non-signatories on

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823813.2

14

closely related conduct. The court explained that *Manetti-Farrow* merely "allow[ed], without discussing personal jurisdiction, nonsignatory defendants to benefit from [a] forum-selection clause…where [the] nonsignatory's conduct was closely related to [the] contractual relationship," but does not allow a plaintiff to invoke that same doctrine offensively against a non-signatory who is not seeking to enforce or benefit from the clause. *Id.*

McLendon's situation parallels *Pray*: he is not invoking the Appearance Release Agreement's forum-selection clause for his own benefit—Plaintiff is instead trying to use it offensively to establish jurisdiction over McLendon. McLendon is also accused only of *interfering* with the Appearance Release Agreement, not performing under it. An alleged tortfeasor who is accused of disrupting a contract has no logical relationship to a forum selection clause designed to govern disputes between the contracting parties. Because McLendon never agreed to the clause, is not a party to the contract, is not invoking it for his own benefit, and his alleged conduct is not "closely related to the contractual relationship," the forum selection clause provides no basis for personal jurisdiction over him.

### D.  The Conspiracy Theory of Personal Jurisdiction Fails

The Complaint's solitary theory for haling McLendon into this Court is the "conspiracy theory" of personal jurisdiction. (Compl. ¶ 11.) This theory is disfavored, and Plaintiff's reliance on it here is fatally deficient.

California federal courts have uniformly held that "California law does not recognize conspiracy as a basis for acquiring jurisdiction over a foreign defendant." *U.S. Vestor, L.L.C. v. Biodata Info. Tech. AG*, 290 F. Supp. 2d 1057, 1065 (N.D. Cal. 2003); *accord EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1089 (C.D. Cal. 2010) ("[A]ctions taken by co-conspirators in furtherance of the conspiracy cannot be attributed to a conspirator for purposes of establishing personal jurisdiction."); *Morris v. Atchity*, No. CV 08-5321RSWL, 2009 WL 463971, at *3 (C.D. Cal. Jan. 13, 2009) (same). Rather, "personal jurisdiction

823813.2

15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

over any non-resident individual must be premised upon forum-related acts personally committed by the individual.  Imputed conduct is a connection too tenuous to warrant the exercise of personal jurisdiction." *Kipperman v. McCone*, 422 F. Supp. 860, 873 n.14 (N.D. Cal. 1976).

The Ninth Circuit's decision in *Underwager v. Channel 9 Australia*, 69 F.3d 361 (9th Cir. 1995), is directly on point.  There, the plaintiff alleged that out-of-state attorneys who appeared on a television program conspired with a professor who later replayed the program at a California conference.  *Id.* at 364.  The Ninth Circuit affirmed dismissal, holding the plaintiff "alleges no facts to even suggest a conspiracy" and that the alleged forum-related acts were not reasonably foreseeable to the defendants.  *Id.*  The Court emphasized that even under the conspiracy-jurisdiction theory's most generous formulation, jurisdiction requires "substantial acts in furtherance of the conspiracy were performed in the forum state and the co-conspirator knew or should have known that the acts would be performed in the forum state."  *Id.* (quoting *Gemini Enters., Inc. v. WFMY Television Corp.*, 470 F. Supp. 559, 564 (M.D.N.C. 1979)).  Similarly, courts applying Ninth Circuit precedent have observed that "[t]he Ninth Circuit also has not adopted this theory of jurisdiction," underscoring the Circuit's skepticism.  *Brown v. 140 NM LLC*, 2019 WL 118425, at *5 (N.D. Cal. Jan. 7, 2019).

Paragraph 11 of the Complaint is purely conclusory and fails under any formulation of the doctrine.  It alleges, on "information and belief," that McLendon acted as Spirko's "co-conspirator" without identifying: (a) any specific agreement to accomplish an unlawful objective; (b) any specific overt act by McLendon directed at California; or (c) any facts beyond the bare legal conclusion that a conspiracy existed.  This is precisely the kind of conclusory pleading the Ninth Circuit holds insufficient to establish conspiracy-based jurisdiction.  *See e.g., Underwager*, 69 F.3d at 364.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823813.2

16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Moreover, what the Complaint describes is not a "conspiracy" at all—*it is an attorney representing his client.*  McLendon represented Spirko in the Tennessee Litigation.  (McLendon Decl. ¶¶ 8–9.)  He advised her regarding the enforceability of the Appearance Release Agreement.  (*Id.* ¶ 9.)  He co-hosted the Podcast with her about a matter of public interest.  (*Id.* ¶ 11.)  None of this constitutes any kind of conspiratorial agreement to commit an unlawful act required to impute one party's forum contacts to another.  *See Underwager*, 69 F.3d at 364 (rejecting conspiracy jurisdiction over attorneys whose only connection to the forum was appearing on a program later replayed there by a third party).

The litigation privilege, in both California and Tennessee, protects an attorney's zealous advocacy on behalf of a client, and such conduct cannot be recharacterized as "conspiracy" to manufacture personal jurisdiction.  *See Silberg v. Anderson*, 50 Cal.3d 205, 213–14 (1990) (explaining that a principal purpose of the litigation privilege under Civil Code § 47(b) is "encouraging attorneys to zealously protect their clients' interests"); *Simpson Strong-Tie Co. v. Stewart, Estes & Donnell*, 232 S.W.3d 18, 24 (Tenn. 2007) ("Clearly, the privilege exists to protect zealous advocacy.").  California courts have consistently held that the litigation privilege precludes liability for tort claims arising from communicative acts within the scope of litigation.  *See e.g., Brown v. Kennard*, 94 Cal. App. 4th 40, 45 (2001); *Bergstein v. Stroock & Stroock & Lavan LLP*, 236 Cal. App. 4th 793, 814 (2015) (the litigation privilege is absolute, applies regardless of malice, and has been given broad application to ensure access to the courts, encourage zealous advocacy, and prevent harassment through derivative tort actions).  Plaintiff cannot circumvent these jurisdictional requirements by relabeling McLendon's privileged litigation conduct—representing his client, advising on legal strategy, and engaging in protected speech—as a conspiratorial scheme in order to "manufacture" jurisdiction where none otherwise exists.

823813.2

17

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

## E.   Even If Minimum Contacts Existed, Exercising Jurisdiction Would Be Unreasonable

Even assuming *arguendo* that Plaintiff could satisfy the minimum contacts analysis (which it cannot), the exercise of jurisdiction over McLendon would be constitutionally unreasonable.  Once minimum contacts are established, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

The Ninth Circuit considers seven factors in weighing reasonableness: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution; (6) the importance of the forum to the plaintiff's interest in convenient relief; and (7) the existence of an alternative forum.  *Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 607 (9th Cir. 2018); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003); *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).  No single factor is dispositive; the Court must balance all seven. *Roth*, 942 F.2d at 623.

Here, every factor weighs against jurisdiction:

**Purposeful interjection:** None.  McLendon has not purposefully interjected himself into California.

**Burden on McLendon:** Severe.  McLendon is a solo practitioner in Franklin, Tennessee.  Forcing him to defend a lawsuit 2,000 miles away would impose extraordinary financial and logistical burdens.  (McLendon Decl. ¶ 25.)

**Sovereignty conflict:** Tennessee has a substantial interest in the conduct of its licensed attorneys within its borders.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823813.2

18

**California's interest:** None.  The underlying conduct occurred in Tennessee.  The Tennessee Litigation is pending in Tennessee.  The Podcast concerns a Tennessee criminal case.

**Efficiency:** Weighs against jurisdiction.  Witnesses and evidence are in Tennessee.  A parallel action is pending in Tennessee.

**Plaintiff's interest:** Plaintiff can seek relief in Tennessee, where the alleged operative facts occurred.

**Alternative forum:** Tennessee is available and appropriate.  The Tennessee Litigation is already pending there.

The exercise of jurisdiction over McLendon in California would offend "traditional notions of fair play and substantial justice."  *Int'l Shoe*, 326 U.S. at 316.

## V. CONCLUSION

For all of the foregoing reasons, McLendon respectfully requests that the Court grant this Motion and dismiss all claims against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

DATED:  July 15, 2026                    Respectfully Submitted,

MILLER BARONDESS, LLP

By:      /s/ Colin H. Rolfs
         COLIN H. ROLFS
         Attorneys for Defendant
         DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

823813.2

19

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Dana Crosland McLendon III, certifies that this brief contains 3,457 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 15, 2026                    MILLER BARONDESS, LLP


By:      /s/ Colin H. Rolfs
         COLIN H. ROLFS
         Attorneys for Defendant
         DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DEFENDANT DANA CROSLAND McLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)