MARK A. BARONDESS (State Bar No. 199901)
mbarondess@millerbarondess.com
COLIN H. ROLFS (State Bar No. 280654)
crolfs@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
DANA CROSLAND McLENDON III

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DOS AMICAS LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KATIE OSBORN SPIRKO, an individual; DANA CROSLAND McLENDON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:26-cv-04915-DSF**<br><br>**DEFENDANT DANA CROSLAND McLENDON III'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     August 17, 2026<br>Time:     1:30 p.m.<br>Crtrm: 7D<br><br>Assigned for All Purposes to:<br>Hon. Dale S. Fischer, Courtroom 7D |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

825159.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 17, 2026, at 1:30 p.m.—or as soon thereafter as this matter may be heard—in Courtroom 7D of the United States District Court for the Central District of California, located on the 7th floor of the Felicitas and Gonzalo Mendez United States Courthouse at 350 West First Street, Los Angeles, California 90012, Defendant DANA CROSLAND MCLENDON III ("McLendon"), without waiving and expressly preserving his pending Motions to Dismiss for Lack of Personal and Subject Matter Jurisdiction, and in the alternative only, will and hereby does move this Court for an order dismissing Plaintiff DOS AMICAS LLC's ("Plaintiff") Complaint against McLendon for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is made on the grounds that the Complaint fails to state a claim against McLendon upon which relief can be granted because the copyright infringement claim is fatally deficient and the state law claims fail as a matter of law.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such other matters as the Court may consider at the hearing on this Motion.

This Motion is made following a telephonic conference of counsel pursuant to Local Rule 7-3, which took place on July 8, 2026. (*See* Declaration of Mark Barondess.) The parties were unable to resolve the issues raised in this Motion. (*Id*.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825159.1

2

DATED:  July 15, 2026

MILLER BARONDESS, LLP

By: _____/s/ Colin H. Rolfs_____
COLIN H. ROLFS
Attorneys for Defendant
DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

825159.1

3

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 7

I.   PRELIMINARY STATEMENT REGARDING JURISDICTION ................. 7

II.   INTRODUCTION ..................................................................... 7

III.   STATEMENT OF RELEVANT FACTS ...................................... 8

IV.   LEGAL STANDARD ................................................................ 9

V.   ARGUMENT ......................................................................... 9

    A.   The Copyright Claim Fails to State a Claim ........................................ 9

        1.   Plaintiff Has Not Established Copyright Registration ................. 9

        2.   The Complaint Fails to Identify Any Copyrightable Work or Act of Copying ................................................................. 10

        3.   Facts About a Criminal Case Are Not Copyrightable ................ 10

    B.   The State Law Claims Against McLendon Fail to State a Claim under Rule 12(b)(6) ................................................................. 11

        1.   The Third Cause of Action for Intentionally Inducing Breach of Contract Fails ................................................... 11

        2.   The Fourth Cause of Action for Intentional Interference with Prospective Economic Advantage Fails ........................... 13

        3.   The Sixth Cause of Action for Civil Conspiracy Fails............... 14

VI.   CONCLUSION ....................................................................... 14

CERTIFICATE OF COMPLIANCE ........................................................ 16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................9, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................9

*Biani v. Showtime Networks, Inc.*,
153 F.4th 957 (9th Cir. 2025)...............................................................................10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ..............................................................................................10

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019) ................................................................................................9

*Hanagami v. Epic Games, Inc.*,
85 F.4th 931 (9th Cir. 2023)..................................................................................10

*Rentmeester v. Nike, Inc.*,
883 F.3d 1111 (9th Cir. 2018)...............................................................................10

*Skidmore as Tr. for Randy craig Wolfe Tr. v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020)...............................................................................10

**STATE CASES**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal. 4th 503 (1994)............................................................................................14

*Edwards v. Arthur Andersen LLP*,
44 Cal. 4th 937 (2008)..........................................................................................13

*Flatley v. Mauro*,
39 Cal. 4th 299 (2006)..........................................................................................12

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003)..................................................................................13, 14

*Lambdin Funeral Serv., Inc. v. Griffith*,
559 S.W.2d 791 (Tenn. 1978)...............................................................................12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

DEFENDANT DANA CROSLAND MCLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
　50 Cal. 3d 1118 (1990)...................................................................................11

*Silberg v. Anderson*,
　50 Cal. 3d 205 (1990).....................................................................................12

*Simpson Strong-Tie Co. v. Stewart, Estes & Donnell*,
　232 S.W.3d 18 (Tenn. 2007) .......................................................................12, 13

*Unarco Material Handling, Inc. v. Liberato*,
　317 S.W.3d 227 (Tenn. Ct. App. 2010) ......................................................12, 13


**FEDERAL STATUTES**

17 U.S.C. § 102(b)............................................................................................10

17 U.S.C. § 411(a).............................................................................................9


**STATE STATUTES**

Cal. Bus. & Prof. Code § 16600(a).................................................................13

Cal. Civ. Code § 47(b)......................................................................................11


**FEDERAL RULES**

Fed. R. Civ. P. 12.......................................................................................7, 9, 11


**OTHER AUTHORITIES**

U.S. Const. amend. I...................................................................................11, 14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     PRELIMINARY STATEMENT REGARDING JURISDICTION

This Motion to Dismiss (the "Motion") is filed expressly conditioned upon, and without waiver of, Defendant Dana Crosland McLendon III's ("McLendon") pending Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) or his Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1).  Filing this Motion does not constitute a general appearance or submission to personal jurisdiction.  Under Fed. R. Civ. P. 12(h)(1), personal jurisdiction is preserved when raised in the first responsive motions—McLendon's Rule 12(b)(2) and 12(b)(1) motions are filed concurrently.

## II.    INTRODUCTION

McLendon is a Tennessee attorney.  He represented Co-Defendant Katie Osborn Spirko ("Spirko") in a pending Tennessee lawsuit regarding the validity of a Release Agreement between Plaintiff Dos Amicas LLC ("Plaintiff") and Spirko.  He also appeared on a podcast (the "Podcast") with Spirko regarding the criminal prosecution of Zachary Adams for the 2011 kidnapping, rape, and murder of Holly Bobo.

According to the Complaint, Plaintiff is developing a documentary about the Adams case (the "Project").  Plaintiff contends that the Tennessee lawsuit and Podcast interfered with the project and infringed on the copyright in an unspecified work relating to the Project.  Plaintiff's claims are frivolous.  There is nothing wrongful about representing a client in litigation or speaking on a podcast about an issue of public concern.  This lawsuit is groundless retaliation by Plaintiff for the already pending Tennessee litigation.  The Complaint fails to state any viable claim against McLendon.

**Copyright Infringement.**  The copyright infringement claim against McLendon is fatally deficient: no registered work is identified, no act of copying is

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

alleged, and the subject matter at issue—facts about a public criminal case—is not copyrightable.

**State Law Claims**.  If the Court dismisses Plaintiff's copyright claim, it should decline supplemental jurisdiction over the remaining state law claims.  If the Court considers these claims, they should also be dismissed for failure to state a claim.  No plausible claim for intentionally inducing breach of contract, intentional interference with prospective economic advantage, or civil conspiracy is alleged.

The Complaint should be dismissed with prejudice against McLendon.

## III.    STATEMENT OF RELEVANT FACTS

According to the Complaint, Plaintiff is developing a documentary about the criminal prosecution of Zach Adams in Tennessee (the Project), which the Complaint describes as "presently-in-development." (Compl. ¶ 87.)  In June 2024, Defendant Spirko signed an agreement with Plaintiff entitled "Appearance Release" (the "Appearance Release Agreement") in connection with Plaintiff's purported Project.  (*Id*. ¶¶ 9, 33.)

Defendant McLendon is a Tennessee attorney.  (*Id*. ¶ 4.)  McLendon is not a signatory to the Appearance Release Agreement.  (*Id*. Ex. A.)  Spirko retained McLendon to represent her interests in connection with disputes relating to the Appearance Release Agreement.  (*Id*. ¶ 15.)  On October 1, 2025, McLendon filed what the Complaint identifies as the "Tennessee Litigation" on Spirko's behalf as to these disputes (*Spirko v. Dos Amicas LLC*, Case No. 25-1383-III) in Tennessee Chancery Court.  (*Id.* ¶ 13.)  McLendon has since withdrawn as Spirko's counsel in the Tennessee Litigation to devote himself to representing Zach Adams in post-conviction proceedings.  McLendon and Spirko also co-host the "Trial and Error" Podcast, which discusses the criminal prosecution of Zach Adams.  (*Id*. ¶ 38.)

The gravamen of the Complaint is that the Tennessee Litigation and the Podcast have somehow interfered with the Project.  (*Id*. ¶ 51.)  The Complaint asserts claims against McLendon for: (1) Intentionally Inducing Breach of Contract;

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

825159.1

8

(2) Intentional Interference with Prospective Economic Advantage; (3) Copyright Infringement; and (4) Civil Conspiracy.

## IV.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## V.   ARGUMENT

### A.   The Copyright Claim Fails to State a Claim

The copyright infringement claim fails to state a claim for multiple independent reasons.

#### 1.   Plaintiff Has Not Established Copyright Registration

Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made" or registration refused.  *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302 (2019) (quoting 17 U.S.C. § 411(a)).  The Complaint alleges only that Plaintiff "has filed for copyright protection" and is "uploading and registering" its materials.  (Compl. ¶ 89.)  This does not establish that the Copyright Office has actually registered or refused registration of any copyright.  Without registration or refusal of registration, Plaintiff's copyright claim fails as a matter of law.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

### 2.    The Complaint Fails to Identify Any Copyrightable Work or Act of Copying

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  The copying element has "two separate components: 'copying' and 'unlawful appropriation.'" *Skidmore as Tr. for Randy craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc) (citation omitted).  As to the first, a plaintiff must show the defendant had "access to the plaintiff's work and that the two works share similarities probative of copying." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled in part on other grounds by Skidmore*, 952 F.3d 1051 (en banc); *see also Biani v. Showtime Networks, Inc.*, 153 F.4th 957, 962 (9th Cir. 2025) (access requires "evidence of a chain of events between the plaintiff's work and defendants' access to that work or evidence that the plaintiff's work has been widely disseminated" (citation omitted)).  As to the second, the plaintiff must show the defendant copied enough of the plaintiff's protected expression of ideas or concepts to render the two works "substantially similar." *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 941 (9th Cir. 2023) (citation omitted).

The Complaint alleges none of this as to McLendon.  It identifies no copyrighted work, alleges no facts from which access could be inferred, and makes no showing of similarity—probative, substantial, or otherwise—between any work of Plaintiff and any conduct by McLendon.

### 3.    Facts About a Criminal Case Are Not Copyrightable

Under 17 U.S.C. § 102(b), copyright protection does not extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery." Facts—including the facts of a criminal proceeding—are not copyrightable.  *Feist*, 499 U.S. at 344 ("facts are not copyrightable").  The "Trial and Error" Podcast discusses the same real-world events—the Zach Adams case, the Holly Bobo

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825159.1

10

murder, the post-conviction proceedings—that Plaintiff's yet-to-be-completed documentary purports to cover.  (Compl. ¶ 38.)  Discussing the same subject matter in a different medium is not copyright infringement.  It is the exercise of First Amendment rights to comment on matters of public interest.  Two people covering the same news story do not infringe each other's copyright.

**B.     The State Law Claims Against McLendon Fail to State a Claim under Rule 12(b)(6)**

If the Court dismisses Plaintiff's copyright claim, it should decline supplemental jurisdiction over the remaining state law claims.  If the Court considers these claims, they should also be dismissed for failure to state a claim.

**1.     The Third Cause of Action for Intentionally Inducing Breach of Contract Fails**

To state a claim for intentional interference with contractual relations under California law, a plaintiff must allege: (1) a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage.  *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

Plaintiff's Complaint fails to adequately allege multiple requisite elements. The Complaint's allegations against McLendon—that he represented Spirko in the Tennessee Litigation (Compl. ¶¶ 47, 68), co-hosts the "Trial and Error" Podcast (*id*. ¶ 38), and appeared on social media (*id*. ¶¶ 48, 69)—do not constitute intentional acts designed to induce a breach of contract.  Nor does the Complaint allege any specific resulting damage attributable to McLendon.  Plaintiff's allegations are vague and conclusory.

Moreover, McLendon's representation of Spirko cannot give rise to liability as a matter of law.  This conduct is privileged under both California and Tennessee law.  Under California's litigation privilege, Civil Code § 47(b), communications

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825159.1

11

made in judicial proceedings are absolutely privileged and cannot form the basis of a tort claim. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990) (the litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action"); *see also Flatley v. Mauro*, 39 Cal. 4th 299, 322 (2006) (privilege immunizes participants from torts arising from litigation communications). McLendon's representation of Spirko in the Tennessee Litigation—including any advice that the Appearance Release Agreement is unenforceable—falls squarely within this privilege.

McLendon's conduct is also privileged under Tennessee law. Tennessee recognizes an absolute litigation privilege protecting attorneys from liability for conduct undertaken in connection with judicial proceedings. *Simpson Strong-Tie Co. v. Stewart, Estes & Donnell*, 232 S.W.3d 18, 24 (Tenn. 2007); *see also Lambdin Funeral Serv., Inc. v. Griffith*, 559 S.W.2d 791, 792 (Tenn. 1978) (statements in judicial proceedings that are relevant and pertinent to the issues involved "cannot be the predicate for liability."). Under *Simpson Strong-Tie*, the privilege applies when: (1) the attorney was acting in the capacity of counsel for a client; (2) the communication was related to the subject matter of the litigation; (3) the proceeding was under serious consideration by the attorney acting in good faith; and (4) the attorney had a client or identifiable prospective client at the time. 232 S.W.3d at 24. The Tennessee Court of Appeals has extended these principles to conduct—not just communications—holding that the litigation privilege applies to claims of inducing breach of contract where the attorney's conduct falls within the privilege's "strict parameters." *Unarco Material Handling, Inc. v. Liberato*, 317 S.W.3d 227, 237-39 (Tenn. Ct. App. 2010).

McLendon satisfies each element of the Tennessee privilege. He was acting in the capacity of counsel for Spirko—his client of record in the Tennessee

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

825159.1

12

Litigation. His conduct was directly related to the subject matter of that litigation, which challenged the enforceability of the Appearance Release Agreement. The Tennessee Litigation was not merely under "serious consideration" but was actually filed on October 1, 2025. And advising a client about the enforceability of a contract and filing litigation to challenge it on her behalf are quintessential acts of legal representation that fall squarely within the privilege's parameters. *See Simpson Strong-Tie*, 232 S.W.3d at 24; *Unarco*, 317 S.W.3d at 238.

Nor can Plaintiff argue that appearing on the Podcast with Spirko induced a breach of the Appearance Release Agreement. The provision in the Appearance Release Agreement purporting to prohibit Spirko from participating in any work on the same subject as the Project (Compl. Ex. A, final to last paragraph) is unenforceable as a matter of law. The Appearance Release Agreement states that it is governed by California law. (*Id.*) California law expressly provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600(a). Under this provision, "covenants not to compete are void," subject only to limited exceptions not applicable here. *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 945 (2008).

### 2. The Fourth Cause of Action for Intentional Interference with Prospective Economic Advantage Fails

A claim for intentional interference with prospective economic advantage under California law requires, among other elements, "that the defendant engaged in an act that is wrongful apart from the interference itself." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153-54 (2003). An act is independently wrongful only if it is "unlawful, that is…proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id*. The Complaint does not identify any independently wrongful act by McLendon. His alleged conduct—representing Spirko in litigation and creating a podcast discussing

Miller Barondess, LLP
Attorneys at Law
2121 Avenue of the Stars, Suite 2600  Los Angeles, California 90067
Tel: (310) 552-4400   Fax: (310) 552-8400

825159.1

publicly known facts about a criminal case—is lawful activity protected by the First Amendment. *Id.* at 1158-59 (independently wrongful act must be "unlawful" beyond the interference itself). The "Trial and Error" Podcast discusses the same publicly available criminal case that Plaintiff's documentary addresses; lawful competition and commentary on matters of public interest are not actionable. McLendon's conduct is also protected by the litigation privilege, as set forth above.

### 3. The Sixth Cause of Action for Civil Conspiracy Fails

Civil conspiracy is not an independent cause of action under California law but requires an underlying tort. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994). Because the underlying tort claims against McLendon—intentionally inducing breach of contract and intentional interference with prospective economic advantage—fail to state a claim as set forth above, the civil conspiracy claim necessarily fails as well. Moreover, the Complaint's conspiracy allegations are entirely conclusory, alleging only that McLendon and Spirko "agreed to engage in a common plan and design to negatively impact the Project." (Compl. ¶ 95.) Such "[t]hreadbare recitals" are insufficient under *Iqbal*, 556 U.S. at 678. McLendon's conduct is also protected by the litigation privilege, as set forth above.

## VI.   CONCLUSION

For all of the foregoing reasons, McLendon respectfully requests that the Court dismiss the Complaint against McLendon with prejudice.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DATED:  July 15, 2026

Respectfully Submitted,

MILLER BARONDESS, LLP


By:      /s/ Colin H. Rolfs
         COLIN H. ROLFS
         Attorneys for Defendant
         DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

825159.1

15

DEFENDANT DANA CROSLAND MCLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Dana Crosland McLendon III, certifies that this brief contains 2, 340 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 15, 2026                    MILLER BARONDESS, LLP


By:     _/s/ Colin H. Rolfs_
            COLIN H. ROLFS
            Attorneys for Defendant
            DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

825159.1

DEFENDANT DANA CROSLAND MCLENDON III'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)