MARK A. BARONDESS (State Bar No. 199901)
mbarondess@millerbarondess.com
COLIN H. ROLFS (State Bar No. 280654)
crolfs@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
DANA CROSLAND McLENDON III

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DOS AMICAS LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KATIE OSBORN SPIRKO, an individual; DANA CROSLAND McLENDON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:26-cv-04915-DSF<br><br>**DEFENDANT DANA CROSLAND McLENDON III'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16 (ANTI-SLAPP); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August 17, 2026<br>Time:    1:30 p.m.<br>Crtrm:  7D<br><br>**[FILED WITHOUT WAIVER OF PENDING 12(b)(2) MOTION]**<br><br>Assigned for All Purposes to:<br>Hon. Dale S. Fischer, Courtroom 7D |

823745.4

DEFENDANT DANA CROSLAND McLENDON III'S
SPECIAL MOTION TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 17, 2026, at 1:30 p.m.—or as soon thereafter as this matter may be heard—in Courtroom 7D of the United States District Court for the Central District of California, located on the 7th floor of the Felicitas and Gonzalo Mendez United States Courthouse at 350 West First Street, Los Angeles, California 90012, Defendant Dana Crosland McLendon III ("McLendon"), without waiving and expressly preserving his pending Motions to Dismiss for Lack of Personal and Subject Matter Jurisdiction, and in the alternative only, will and hereby does move this Court for an order striking Plaintiff's Third, Fourth, and Sixth Causes of Action against McLendon pursuant to California's Anti-SLAPP statute, California Code of Civil Procedure section 425.16.

This Motion is made on the grounds that each of the challenged claims arises from McLendon's constitutionally protected activity—specifically, his exercise of the right of petition (filing and prosecuting litigation in Tennessee on behalf of his client) and his exercise of the right of free speech on matters of public interest (participating in a podcast and making public statements about a high-profile criminal case involving an alleged wrongful conviction)—and Plaintiff absolutely cannot demonstrate a probability of prevailing on the merits.

McLendon further requests for an award of attorneys' fees and costs as a prevailing defendant under California Code of Civil Procedure section 425.16(c)(1).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dana Crosland McLendon III, the pleadings and papers on file in this action, and such other matters as the Court may consider at the hearing on this Motion.

This Motion is made following a telephonic conference of counsel pursuant to Local Rule 7-3, which took place on July 8, 2026. (*See* Declaration of Mark Barondess.)  The parties were unable to resolve the issues raised in this Motion. (*Id*.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823745.4

2

DATED:  July 15, 2026            MILLER BARONDESS, LLP


By:     _/s/ Colin H. Rolfs_____
       COLIN H. ROLFS
       Attorneys for Defendant
       DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 7

I.     INTRODUCTION ................................................................................. 7

II.    STATEMENT OF RELEVANT FACTS .......................................................... 8

III.   LEGAL STANDARD ............................................................................. 9

IV.   ARGUMENT ..................................................................................... 10

     A.    The Anti-SLAPP Statute Applies In Federal Court ............................. 10

     B.    Filing This Motion Does Not Waive McLendon's Personal Jurisdiction Defense ................................................................. 10

     C.    Prong One: The Challenged Claims Arise From Protected Activity ........................................................................... 10

         1.   The Tennessee Litigation Is Protected Petitioning Activity ....... 10

         2.   The Podcast Is Speech On A Matter Of Public Interest ............. 11

         3.   Application To Each Challenged Claim ................................. 11

     D.    Prong Two: Plaintiff Cannot Demonstrate A Probability Of Prevailing ................................................................... 12

         1.   The Inducing Breach Claim Fails .................................... 12

         2.   The Interference Claim Fails ......................................... 13

         3.   The Civil Conspiracy Claim Fails .................................... 14

         4.   The Litigation Privilege Bars All Claims ............................ 14

     E.    McLendon Is Entitled To Attorneys' Fees And Costs .......................... 14

V.    CONCLUSION ................................................................................. 15

CERTIFICATE OF COMPLIANCE ............................................................... 16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823745.4

4

DEFENDANT DANA CROSLAND McLENDON III'S
SPECIAL MOTION TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16

## **TABLE OF AUTHORITIES**

**Page**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

### **FEDERAL CASES**

*CoreCivic, Inc. v. Candide Grp., LLC,*
    46 F.4th 1136 (9th Cir. 2022) ............................................................... 10

*Cox Broad. Corp. v. Cohn,*
    420 U.S. 469 (1975) ............................................................................. 11

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,*
    586 U.S. 296 (2019) ............................................................................. 14

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
    890 F.3d 828 (9th Cir. 2018) ........................................................... 9, 10

*Sarver v. Chartier,*
    813 F.3d 891 (9th Cir. 2016) ............................................................... 10

*United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.,*
    190 F.3d 963 (9th Cir. 1999) ........................................................... 9, 10

### **STATE CASES**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,*
    7 Cal. 4th 503 (1994) ........................................................................... 14

*Baral v. Schnitt,*
    1 Cal. 5th 376 (2016) ....................................................................... 9, 10

*Briggs v. Eden Council for Hope & Opportunity,*
    19 Cal. 4th 1106 (1999) ....................................................................... 11

*ComputerXpress, Inc. v. Jackson,*
    93 Cal. App. 4th 993 (2001) ................................................................ 14

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
    11 Cal. 4th 376 (1995) ......................................................................... 13

*Edwards v. Arthur Andersen LLP,*
    44 Cal. 4th 937 (2008) ......................................................................... 13

*Hagberg v. Cal. Fed. Bank,*
    32 Cal. 4th 350 (2004) .................................................................... 12, 14

*Jarrow Formulas, Inc. v. LaMarche,*
    31 Cal. 4th 728 (2003)................................................................................................11

*Ketchum v. Moses,*
    24 Cal. 4th 1122 (2001).............................................................................................15

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003).............................................................................................13

*Navellier v. Sletten,*
    29 Cal. 4th 82 (2002)............................................................................................9, 12

*Rusheen v. Cohen,*
    37 Cal. 4th 1048 (2006)..............................................................................11, 13, 14

*Silberg v. Anderson,*
    50 Cal. 3d 205 (1990)........................................................................................12, 14

*Tague v. Citizens for Law & Order, Inc.,*
    75 Cal. App. 3d Supp. 16 (1977).............................................................................11

*ViaView, Inc. v. Retzlaff,*
    1 Cal. App. 5th 198 (2016).................................................................................7, 10

## FEDERAL STATUTES

17 U.S.C. § 102(b) ..........................................................................................................14

## STATE STATUTES

Cal. Bus. & Prof. Code § 16600(a)..................................................................................13

Cal. Civ. Code § 47(b) ..............................................................................................12, 14

Cal. Civ. Code § 425.16.......................................................................................10, 11, 14

## FEDERAL RULES

Fed. R. Civ. P. 12..........................................................................................................7, 10

823745.4

DEFENDANT DANA CROSLAND McLENDON III'S
SPECIAL MOTION TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## MEMORANDUM OF POINTS AND AUTHORITIES

**PRELIMINARY STATEMENT REGARDING JURISDICTION**: This Special Motion to Strike ("Motion") is filed expressly conditioned upon, and without waiver of, Defendant Dana Crosland McLendon III's ("McLendon") pending Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or his Motion to Dismiss for Lack of Subject Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Filing this Motion does not constitute a general appearance or submission to personal jurisdiction.  Under Federal Rule of Civil Procedure 12(h)(1), personal jurisdiction is preserved when raised in the first responsive motions—McLendon's Rule 12(b)(2) and 12(b)(1) motions are filed concurrently.  Under California law, an Anti-SLAPP motion is not a general appearance.  *ViaView, Inc. v. Retzlaff*, 1 Cal. App. 5th 198, 214 (2016).

## I. INTRODUCTION

This lawsuit is a textbook SLAPP suit—a Strategic Lawsuit Against Public Participation solely designed to silence Defendant McLendon's protected speech and petitioning activity.  Plaintiff Dos Amicas LLC ("Plaintiff") seeks to punish McLendon for two categories of constitutionally protected conduct: (1) representing his client Katie Spirko in Tennessee litigation—classic petitioning activity protected by the First Amendment and the Petition Clause; and (2) co-hosting the "Trial and Error" Podcast (the "Podcast") about the Zach Adams wrongful conviction case—speech on a matter of extraordinary public interest.

The Zach Adams case is a matter of profound public concern.  Adams was convicted in 2017 in Tennessee of the kidnapping, rape, and murder of Holly Bobo in a case that garnered national attention.  (Declaration of Dana Crosland McLendon ("McLendon Decl.") ¶ 11.)  McLendon and Spirko—along with numerous others—have become convinced that Adams is innocent, based on what they describe as *Brady* violations, recanted testimony, and other serious prosecutorial misconduct.  (*Id*. ¶ 12.)  The Podcast and their public advocacy are designed to bring attention to

these issues and support Adams' post-conviction relief efforts.  This is precisely the kind of public-interest speech that the anti-SLAPP statute was enacted to protect.

Under the two-prong anti-SLAPP analysis, McLendon easily satisfies both elements: (1) the challenged claims arise from protected activity—petitioning and speech on a public issue; and (2) Plaintiff cannot demonstrate a probability of prevailing because McLendon's conduct is privileged and constitutionally protected and the underlying claims are legally deficient.  The Court should strike the challenged claims and award McLendon his attorneys' fees.

## II.    <u>STATEMENT OF RELEVANT FACTS</u>

McLendon is a trial attorney in Franklin, Tennessee who has practiced law since 1993.  (McLendon Decl. ¶ 2.)  In approximately May 2025, Spirko retained McLendon to represent her interests in connection with the Adams proceedings and disputes with Plaintiff. (Plaintiff's Complaint ("Compl.") ¶ 36; McLendon Decl. ¶ 8.)

McLendon and Spirko co-host a podcast called "Trial and Error," which began in or around late 2024.  (Compl. ¶ 38; McLendon Decl. ¶ 11.)  The Podcast discusses the Zach Adams case—a nationally reported criminal conviction involving the 2011 kidnapping, rape, and murder of Holly Bobo, and the subsequent conviction of Zachary Adams in 2017.  (McLendon Decl. ¶ 11.)  McLendon and Spirko use the podcast to bring public attention to what they believe is a grave miscarriage of justice, including alleged prosecutorial misconduct, recanted witness testimony, and *Brady* violations.  (*Id*. ¶ 12.)  The podcast is available at www.thetrialanderrorpodcast.com.  (*Id*. ¶ 11.)

On October 1, 2025, McLendon, acting as Spirko's attorney, filed a complaint in the Chancery Court of Davidson County, Tennessee (*Spirko v. Dos Amicas LLC*, Case No. 25-1383-III), seeking a declaratory judgment that the Appearance Release Agreement—which underlies Plaintiff's claims in this lawsuit—is invalid, void, voidable, and/or unenforceable.  (Compl. ¶¶ 13-14; McLendon Decl. ¶ 8.)  This

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

filing is expressly targeted by the Complaint as one of McLendon's allegedly wrongful acts.  (Compl. ¶¶ 47, 79(4), 96(3).)

McLendon has since withdrawn as Spirko's counsel in the Tennessee Litigation, with Spirko's consent and after consulting with the Tennessee Board of Professional Responsibility, to devote himself to representing Zach Adams in his post-conviction proceedings.  (McLendon Decl. ¶ 10.)  The podcast and Tennessee litigation were undertaken at McLendon's own expense, motivated solely by his belief in Zach Adams' innocence and his commitment to seeing justice done.  (*Id.* ¶ 25.)

## III.    **LEGAL STANDARD**

California's anti-SLAPP statute, Code of Civil Procedure section 425.16, provides a mechanism for early dismissal of claims that arise from the exercise of First Amendment rights of speech and petition.  The Ninth Circuit has held that the Anti-SLAPP statute applies in federal court to state-law claims brought under diversity or supplemental jurisdiction.  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018); *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999).  The statute was "designed to shield a defendant's constitutionally protected conduct from the undue burden of frivolous litigation."  *Baral v. Schnitt*, 1 Cal. 5th 376, 393 (2016).

The anti-SLAPP analysis proceeds in two steps: (1) the defendant must make a threshold showing that the challenged claims arise from protected activity under section 425.16(e); and (2) if that showing is made, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the merits.  *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002).  Under *Baral*, 1 Cal. 5th at 396, the moving defendant must identify the specific allegations of protected activity that form the basis of each challenged claim.  "The court, without resolving evidentiary conflicts, must

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment." *Id.*

## IV.   ARGUMENT

### A.   The Anti-SLAPP Statute Applies In Federal Court

The Ninth Circuit has definitively held that California's anti-SLAPP statute applies in federal court to state-law claims brought under diversity or supplemental jurisdiction. *Planned Parenthood*, 890 F.3d at 833-34; *Newsham*, 190 F.3d at 972-73; *Sarver v. Chartier*, 813 F.3d 891, 899-900 (9th Cir. 2016); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141 (9th Cir. 2022).  The state-law claims against McLendon are subject to anti-SLAPP scrutiny.

### B.   Filing This Motion Does Not Waive McLendon's Personal Jurisdiction Defense

Under Federal Rule of Civil Procedure 12(h)(1), a defense of lack of personal jurisdiction is waived only if omitted from the first responsive motion or pleading. McLendon's Rule 12(b)(2) motion is filed concurrently.  The jurisdictional defense is therefore preserved.  Moreover, an Anti-SLAPP motion is not a responsive pleading—it is a special procedural device to test whether claims arise from protected conduct.  Under California law, filing an anti-SLAPP motion does not constitute a general appearance. *ViaView*, 1 Cal. App. 5th at 214.

### C.   Prong One: The Challenged Claims Arise From Protected Activity

#### 1.   The Tennessee Litigation Is Protected Petitioning Activity

McLendon's filing and prosecution of the Tennessee Litigation on Spirko's behalf constitutes petitioning activity protected under section 425.16(e)(1) and (e)(2).  Section 425.16(e)(1) protects "any written or oral statement or writing made before a . . . judicial proceeding," and section 425.16(e)(2) protects "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body."  The Complaint at paragraphs 47, 79(4), and 96(3) expressly identifies the Tennessee Litigation as one of McLendon's allegedly

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823745.4

10

wrongful acts.  Filing a lawsuit on behalf of a client is the quintessential exercise of the right to petition.  *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999).  This protection extends to all communicative acts incident to the litigation, including pre-litigation communications, legal advice, and advocacy efforts related to pending or anticipated proceedings.  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006).

### 2.   The Podcast Is Speech On A Matter Of Public Interest

McLendon's participation in the "Trial and Error" Podcast constitutes speech on a matter of public interest protected under section 425.16(e)(3) and (e)(4).  Section 425.16(e)(3) protects "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest," and section 425.16(e)(4) protects "any other conduct in furtherance of the exercise of the constitutional right of . . . free speech in connection with a public issue or an issue of public interest."  The podcast concerns the Zach Adams murder case—a nationally reported criminal prosecution.  (McLendon Decl. ¶ 11.)  Courts have consistently recognized that criminal proceedings and the conduct of those involved are legitimate subjects of public attention.  *Cox Broad. Corp. v. Cohn,* 420 U.S. 469, 492 (1975) (criminal judicial proceedings are "without question events of legitimate concern to the public"); *Tague v. Citizens for Law & Order, Inc.,* 75 Cal. App. 3d Supp. 16, 23 (1977) ("[T]he subject of crimes and criminals . . . plunges deeply into the heart of public concern.").  Speech about criminal justice, potential innocence, prosecutorial misconduct, and *Brady* violations is indisputably a matter of public interest.

### 3.   Application To Each Challenged Claim

Under *Baral*, the Court must assess each claim individually:

**Third Cause of Action (Inducing Breach):** Based on McLendon's representation of Spirko in the Tennessee Litigation (petitioning) and advising her regarding the Release.  Protected under section 425.16(e)(1)-(2).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

823745.4

11

**Fourth Cause of Action (Interference):** Based on the podcast and social media appearances (speech on public issue).  Protected under section 425.16(e)(3)-(4).

**Sixth Cause of Action (Civil Conspiracy):** Based on all the above protected activities.  Protected under section 425.16(e)(1)-(4).

### D.   Prong Two: Plaintiff Cannot Demonstrate A Probability Of Prevailing

Once the defendant demonstrates that the challenged claims arise from protected activity, the burden shifts to the plaintiff to demonstrate "a probability of prevailing on the claim." *Navellier*, 29 Cal. 4th at 88.  Plaintiff cannot meet this burden.

### 1.   The Inducing Breach Claim Fails

The Third Cause of Action alleges McLendon intentionally induced Spirko to breach the Appearance Release Agreement.  This claim fails for multiple independent reasons:

**Attorney-Client Privilege**: McLendon, as Spirko's attorney, advised her regarding the enforceability of the Release.  (McLendon Decl. ¶ 9.)  Attorney advice to a client about contractual rights is protected conduct, not tortious inducement.

**Litigation Privilege**: Under California Civil Code section 47(b), communications made in connection with litigation are absolutely privileged. McLendon's advice to Spirko in connection with the Tennessee litigation is privileged.  *Silberg v. Anderson*, 50 Cal. 3d 205, 212–13 (1990) (holding that the litigation privilege is absolute and "applicable to any communication" made in judicial proceedings "to achieve the objects of the litigation" that has "some connection or logical relation to the action."); *Hagberg v. Cal. Fed. Bank*, 32 Cal. 4th 350, 360–61 (2004) (reaffirming that the privilege is "an 'absolute' privilege" that "bars all tort causes of action except a claim for malicious prosecution" and extends to "statements made prior to the filing of a lawsuit"); *Rusheen*, 37 Cal. 4th

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

at 1057 (holding that "communications with 'some relation' to judicial proceedings" are "absolutely immune from tort liability" under the litigation privilege).

**No Valid Contract**: If the Appearance Release is invalid or unenforceable—as Spirko contends and as is being litigated in Tennessee—there is no valid contract to breach. One cannot tortiously induce the breach of an unenforceable agreement. In particular, the provision in the Appearance Release Agreement purporting to prohibit Spirko from participating in any work on the same subject as the Project (Compl., Ex. A, final to last paragraph) is unenforceable as a matter of law. The Appearance Release Agreement states that it is governed by California law. (*Id.*) California law expressly provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600(a). Under this provision, "covenants not to compete are void," subject only to limited exceptions not applicable here. *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 945 (2008).

## 2.    The Interference Claim Fails

The Fourth Cause of Action alleges intentional interference with prospective economic advantage. Under California law, this tort requires the plaintiff to show "independently wrongful" conduct—i.e., conduct that is unlawful apart from the interference itself. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153–54, 1158 (2003). An act is independently wrongful only if it is "unlawful, that is . . . proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply*, 29 Cal. 4th at 1153–54.

McLendon's alleged conduct—filing lawsuits on behalf of his client and making public statements about a criminal case—is constitutionally protected. Filing a lawsuit is protected petitioning activity. Making public statements about a matter of public interest is protected speech. Neither constitutes "independently wrongful" conduct. The interference claim fails as a matter of law.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

823745.4

13

### 3.    The Civil Conspiracy Claim Fails

Civil conspiracy is not an independent tort under California law—it requires an underlying unlawful act.  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort.").  If the underlying claims fail—as they do—the conspiracy claim necessarily fails as well. *See ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1015 (2001) (granting anti-SLAPP motion striking conspiracy claim based on non-actionable underlying conduct).[1]  There can be no conspiracy to commit a lawful act.

### 4.    The Litigation Privilege Bars All Claims

California Civil Code section 47(b) provides an absolute privilege for communications made in connection with any judicial proceeding.  This privilege applies to the tort claims against McLendon to the extent they are based on his litigation conduct—filing the Tennessee Litigation, advising Spirko, and making pre-litigation communications.  *See Silberg*, 50 Cal. 3d at 212–13; *Hagberg*, 32 Cal. 4th at 360–61; *Rusheen*, 37 Cal. 4th at 1057.  The litigation privilege provides an independent basis for Plaintiff's inability to demonstrate a probability of prevailing.

### E.    McLendon Is Entitled To Attorneys' Fees And Costs

Under California Code of Civil Procedure section 425.16(c)(1), "[a] prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs."  This fee-shifting provision is mandatory.

---

[1] Plaintiff's Fifth Cause of Action for Copyright Infringement is not subject to this Motion because it is a federal claim.  But it too lacks any merit: Plaintiff has not established that copyright registration has been obtained, *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302-03 (2019); McLendon has never seen, accessed, or copied any of Plaintiff's creative works (McLendon Decl. ¶ 15); facts about a criminal case are not copyrightable, 17 U.S.C. § 102(b); and everything McLendon and Spirko have published is original work based on their own independent research, investigation, and advocacy (McLendon Decl. ¶ 13).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DEFENDANT DANA CROSLAND McLENDON III'S
SPECIAL MOTION TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

*Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).  McLendon respectfully requests that upon granting this motion, the Court award McLendon his reasonable attorneys' fees and costs in an amount to be determined by a separate and subsequent motion.

## V.   **CONCLUSION**

For all of the foregoing reasons, and without waiver of his pending Motions to Dismiss for Lack of Personal and Subject Matter Jurisdiction, McLendon respectfully requests that the Court:

1.   Grant this Special Motion to Strike and dismiss Plaintiff's Third, Fourth, and Sixth Causes of Action against McLendon with prejudice; and

2.   Award McLendon his reasonable attorneys' fees and costs under California Code of Civil Procedure section 425.16(c)(1), in an amount to be determined by a separate and subsequent motion.

DATED:  July 15, 2026

Respectfully submitted,

MILLER BARONDESS, LLP


By: _____*/s/ Colin H. Rolfs*_____
COLIN H. ROLFS
Attorneys for Defendant
DANA CROSLAND McLENDON III

823745.4

15

DEFENDANT DANA CROSLAND McLENDON III'S
SPECIAL MOTION TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Dana Crosland McLendon III, certifies that this brief contains 2,569 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 15, 2026                MILLER BARONDESS, LLP


By:    _/s/ Colin H. Rolfs_
          COLIN H. ROLFS
          Attorneys for Defendant
          DANA CROSLAND McLENDON III

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DEFENDANT DANA CROSLAND McLENDON III'S
SPECIAL MOTION TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16