Katie Osborn Spirko
2200 21st Avenue South, Suite 401
Nashville, TN 37212
Telephone: (402) 680-4229
Email: katie.spirko@facts.care
**Defendant in Pro Per**

FILED

CLERK, U.S. DISTRICT COURT

7/17/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ jji _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOS AMICAS LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>KATIE OSBORN SPIRKO, an individual; DANA CROSLAND MCLENDON, an individual; and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04915-DSF (SSCx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT KATIE OSBORN SPIRKO TO DISMISS THE COMPLAINT [FED. R. CIV. P. 12(b)(1), 12(b)(6)]; JOINDER IN CO-DEFENDANT McLENDON'S MOTIONS TO DISMISS AND SPECIAL MOTION TO STRIKE (DKT. 14, 16, 17); ALTERNATIVE SPECIAL MOTION TO STRIKE THE STATE-LAW TORT CLAIMS [CAL. CODE CIV. PROC. § 425.16]; ALTERNATIVE MOTION TO STAY UNDER THE COLORADO RIVER DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION RE L.R. 7-3**<br><br>Date: August 17, 2026<br>Time: 1:30 p.m.<br>Courtroom: 7D<br>Judge: Hon. Dale S. Fischer<br>Action Filed: May 6, 2026 |

# NOTICE OF MOTION AND MOTION

1

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO
STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

**TO PLAINTIFF DOS AMICAS LLC AND ITS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on August 17, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7D of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, before the Honorable Dale S. Fischer, Defendant Katie Osborn Spirko ("Defendant" or "Dr. Spirko"), appearing in pro per, will and hereby does move the Court for an order:

1. Dismissing the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction;

2. Dismissing each of the six causes of action in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted—with prejudice as to the claims that fail as a matter of law, and without prejudice as to the Fifth Cause of Action for copyright infringement;

3. In the alternative, striking the Third Cause of Action (Intentionally Inducing Breach of Contract), Fourth Cause of Action (Intentional Interference with Prospective Economic Advantage), and Sixth Cause of Action (Civil Conspiracy) pursuant to California Code of Civil Procedure section 425.16; and

4. In the alternative, staying this action under the *Colorado River* abstention doctrine in deference to the first-filed action pending in the Chancery Court of

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

Davidson County, Tennessee, captioned *Spirko v. Dos Amicas LLC*, No. 25-1383-III.

PLEASE TAKE FURTHER NOTICE that Dr. Spirko joins in and adopts by reference, pursuant to Federal Rule of Civil Procedure 10(c), the arguments and authorities presented in Co-Defendant Dana Crosland McLendon III's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 14), Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 16), and Special Motion to Strike Under Cal. Code Civ. Proc. § 425.16 (Dkt. 17), together with the supporting Declaration of Dana Crosland McLendon III (Dkt. 18), to the extent those arguments apply to the claims asserted against Dr. Spirko, as set forth in Part II of the accompanying Memorandum. Dr. Spirko does not join McLendon's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Dkt. 15), which rests on personal-jurisdiction facts unique to McLendon.

This Motion is made on the grounds that: (1) Plaintiff has not carried its burden of establishing subject-matter jurisdiction—the Complaint fails to allege the citizenship of all of Plaintiff's members or to substantiate the amount in controversy, and its sole federal claim is too insubstantial to confer federal-question jurisdiction; (2) the Complaint fails to state any claim upon which relief may be granted: the copyright claim fails as a matter of law because no completed registration is alleged, because copyright does not protect facts, ideas, or the "subject matter" of a real criminal case, and because the Complaint pleads no fixed, existing work and no copying of protected expression; the

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

implied-covenant claim is duplicative of the contract claim; and the remaining tort claims fail as derivative of, and for reasons independent of, those defective claims, including the litigation privilege of both California and Tennessee and *Noerr-Pennington*; and (3) because the enforceability of the Release is the precise question pending in the first-filed Tennessee action, any claims that survive should be stayed under *Colorado River*.

This Motion is made following the conference pursuant to Local Rule 7-3, which took place on June 11, 2026, as set forth in the accompanying Declaration of Katie Osborn Spirko. The subject-matter-jurisdiction grounds adopted herein were also the subject of a Local Rule 7-3 conference between Plaintiff's counsel and McLendon's counsel on July 8, 2026 (see Dkt. 19), and lack of subject-matter jurisdiction may in any event be raised at any time. Fed. R. Civ. P. 12(h)(3).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Katie Osborn Spirko re Local Rule 7-3, the Complaint and the exhibits attached thereto, the motions, declarations, and papers filed by Co-Defendant McLendon (Dkt. 14, 16, 17, 18, 19), the records and files in this action, and such further argument and evidence as may be presented at or before the hearing.

Dated: July 17, 2026

/s/ Katie Osborn Spirko
Katie Osborn Spirko
**Defendant in Pro Per**

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

**TABLE OF CONTENTS**

I. INTRODUCTION.................................................................................................9

II. JOINDER IN CO-DEFENDANT McLENDON'S MOTIONS (DKT. 14, 16, 17)..................................................................................................................10

III. STATEMENT OF ALLEGED FACTS.......................................................11

IV. LEGAL STANDARD...................................................................................13

V. ARGUMENT..................................................................................................14

   A. The Complaint should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction...............................................................................14

   B. The Fifth Cause of Action for copyright infringement fails as a matter of law........................................................................................................................16

   C. The First and Second Causes of Action are not viable; the implied-covenant count is duplicative...........................................................................19

   D. The Third Cause of Action (inducing breach) fails..................................22

   E. The Fourth Cause of Action (interference) fails......................................23

   F. The Sixth Cause of Action (civil conspiracy) fails..................................24

   G. In the alternative, the state-law tort claims should be stricken under § 425.16................................................................................................................25

   H. In the alternative, the Court should stay this action under *Colorado River*...................................................................................................................27

VI. CONCLUSION.............................................................................................28

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

# TABLE OF AUTHORITIES

Cases

*Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997)...............................16

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503 (1994). 22, 24

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................12, 14, 22, 23, 24

*Baral v. Schnitt*, 1 Cal. 5th 376 (2016).................................................................25

*Bell v. Hood*, 327 U.S. 678 (1946).......................................................................15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).......................................14

*Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106 (1999)......26

*Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371 (1990)......................................................................................................................21

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)....................................16

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ...............................................................................................................................27

*CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136 (9th Cir. 2022)..............25

*Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975)....................................26

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376 (1995).........23

*Diefenthal v. C.A.B.*, 681 F.2d 1039 (5th Cir. 1982).........................................15

*Doctors' Co. v. Superior Court*, 49 Cal. 3d 39 (1989).......................................25

*Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937 (2008)...............................19

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).................16, 17

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019) ...............................................................................................................................17

*Hagans v. Lavine*, 415 U.S. 528 (1974).............................................................15

*Hagberg v. California Federal Bank*, 32 Cal. 4th 350 (2004)..........................24

*Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130 (2020)...........................20

*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006).....14

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)....................13

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003).............23

*Lambdin Funeral Serv., Inc. v. Griffith*, 559 S.W.2d 791 (Tenn. 1978)............23

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003).....15

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178 (1936)...........15

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).....27

*Planned Parenthood Fed'n of Am., Inc. v. Center for Medical Progress*, 890 F.3d 828 (9th Cir. 2018)..................................................................25

*R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966 (9th Cir. 2011)..............27

*Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006)......................................................26

*Sarver v. Chartier*, 813 F.3d 891 (9th Cir. 2016)...............................................25

*Silberg v. Anderson*, 50 Cal. 3d 205 (1990)................................................22, 24

*Simpson Strong-Tie Co. v. Stewart, Estes & Donnell*, 232 S.W.3d 18 (Tenn. 2007)..............................................................................................22, 24

*Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc)................17

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006).......................................23

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)...............14, 21

*Tague v. Citizens for Law & Order, Inc.,* 75 Cal. App. 3d Supp. 16 (1977)......26

*Unarco Material Handling, Inc. v. Liberato*, 317 S.W.3d 227 (Tenn. Ct. App. 2010)............................................................................................23

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)............................16

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999).....................................................................................................25

Statutes and Rules

17 U.S.C. § 101...................................................................................18

17 U.S.C. § 102..............................................................................17, 18

17 U.S.C. § 411(a)................................................................................17

28 U.S.C. § 1331............................................................................15, 19

28 U.S.C. § 1332...................................................................................15

28 U.S.C. § 1338............................................................................15, 19

28 U.S.C. § 1367............................................................................16, 19

Cal. Bus. & Prof. Code § 16600.....................................................19, 20

Cal. Bus. & Prof. Code § 16600.5..........................................................20

Cal. Civ. Code § 47(b)....................................................................22, 24

Cal. Code Civ. Proc. § 425.16.....................................................26, 27, 29

Fed. R. Civ. P. 10(c)..............................................................................11

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

Fed. R. Civ. P. 12(b)(1)...................................................................................13, 14

Fed. R. Civ. P. 12(b)(6)....................................................................14, 20, 25, 29

Fed. R. Civ. P. 12(h)(3)................................................................................11, 14

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO
STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case should end at the threshold. Federal courts are courts of limited jurisdiction, and Plaintiff—which bears the burden—has established none. The Complaint's only federal claim, for copyright infringement, is insubstantial on its face: no completed registration, no identified work, and no copying of protected expression—only the theory that Defendants publicly discussed the "subject matter" of a notorious, real-world Tennessee criminal case. Facts belong to no one. And the Complaint's diversity allegations fail on their own terms: Plaintiff pleads the citizenship of only its two "managing members"— not of all members, as the law requires for a limited liability company—and offers a single conclusory sentence on the amount in controversy in service of an admittedly unfinished, unreleased, "in-development" documentary. Co-Defendant Dana Crosland McLendon III has moved to dismiss on precisely these grounds (Dkt. 14), and Dr. Spirko joins and adopts those arguments, which apply with equal force to the claims against her.

On the merits, Plaintiff's entire lawsuit rests on a single, one-page form "Appearance Release." Plaintiff attached that document to its Complaint as Exhibit A, and the Court may therefore construe it on this Motion. By its own terms, and under the California law Plaintiff itself chose to govern it, the Release cannot support any of the six claims Plaintiff asserts. The only obligation Plaintiff seeks to enforce—a one-year "exclusivity" restriction—is

an unreasonable restraint: it bars Defendant from her lawful profession, runs for an indefinite, potentially perpetual period tied to an event Plaintiff has no obligation ever to cause, and obligates Plaintiff to nothing in return. Enforceability of that covenant is, moreover, the precise question pending in the first-filed Tennessee action, which independently warrants a stay.

The remaining tort claims—inducing breach, interference with prospective economic advantage, and civil conspiracy—fail as derivative of the defective contract claim and on independent legal grounds, including that a party cannot induce breach of her own contract, that civil conspiracy is not a standalone tort, and that the conduct alleged (filing a lawsuit and speaking publicly about a criminal case) is privileged under the law of both California and Tennessee and protected by the First Amendment.

Notably, this Motion does not depend on any disputed account of how the Release came to be signed. Accepting every well-pleaded allegation of the Complaint as true, Plaintiff still fails to state a claim. In the alternative, the state-law tort claims should be stricken under California's anti-SLAPP statute— as McLendon has separately moved (Dkt. 17)—and the entire action should be stayed in deference to the first-filed Tennessee proceeding that will decide the very question on which this case turns: whether the Release is enforceable.

## II.  JOINDER IN CO-DEFENDANT McLENDON'S MOTIONS (DKT. 14, 16, 17)

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

Pursuant to Federal Rule of Civil Procedure 10(c), Dr. Spirko joins in and adopts by reference the arguments and authorities presented in McLendon's pending motions, to the extent they apply to the claims asserted against her: (1) the Motion to Dismiss for lack of subject-matter jurisdiction (Dkt. 14), because Plaintiff's failure to establish diversity or federal-question jurisdiction is an objection that is non-waivable, goes to the Court's power over the entire action, and, if sustained, requires dismissal as to all parties, Fed. R. Civ. P. 12(h)(3); (2) the Motion to Dismiss for failure to state a claim (Dkt. 16), to the extent it addresses the Third, Fourth, Fifth, and Sixth Causes of Action, which are also asserted against Dr. Spirko; and (3) the Special Motion to Strike (Dkt. 17), which challenges the same three state-law tort claims that Dr. Spirko moves to strike here, arising from the same protected activity—the first-filed Tennessee Litigation and the "Trial and Error" podcast that Dr. Spirko co-hosts. Dr. Spirko does not join the Rule 12(b)(2) motion (Dkt. 15), which presents personal-jurisdiction facts unique to McLendon.

To avoid burdening the Court with duplicative briefing, this Memorandum addresses the adopted jurisdictional points in summary fashion (Part V.A) and otherwise focuses on the grounds specific to Dr. Spirko—chief among them, that the entire suit rests on a one-page Release that is unenforceable under the California law Plaintiff chose.

**III.   STATEMENT OF ALLEGED FACTS**

For purposes of this Motion only, Defendant accepts the Complaint's well-pleaded factual allegations as true. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)

**Defendant's public-interest advocacy.** As reflected in Plaintiff's own Exhibit B, Defendant is a licensed forensic and clinical neuropsychologist who became involved as an expert in the post-conviction proceedings in *State v. Zach Adams*, a Tennessee prosecution arising from the death of Holly Bobo that has drawn sustained public attention. (Ex. B ¶¶ 7–8.) Defendant has publicly advocated regarding those proceedings—including through podcasts and other commentary—and, as Exhibit B further reflects, informed Plaintiff at the outset that she would not sign anything that limited her ability to advocate on the matter. (Ex. B ¶¶ 8, 11.) The "Trial and Error" podcast that Plaintiff's tort claims target is part of that ongoing public commentary on a matter of plain public concern.

**The Release (Exhibit A).** Plaintiff alleges that on June 13, 2024, Defendant signed a form titled "Appearance Release" in connection with an "anticipated" documentary then titled "The Zachary and Dylan Adams Story." (Compl. ¶¶ 9, 27, 33; Ex. A.) The Release grants Plaintiff "the absolute and irrevocable right and permission (but not the obligation)" to use Defendant's likeness and statements, and states that "no compensation shall be payable to me." (Ex. A.) It contains a single restrictive covenant: Defendant "shall not participate in, or cooperate in any manner with, any other project or work in any

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

media … about the same or similar subject matter as the Production from the date hereof until the date that is one (1) year following the initial commercial release of the Production." (Ex. A.) The Release imposes no obligation on Plaintiff to produce, complete, or release anything, and is governed by California law with a Los Angeles forum-selection clause. (Ex. A.)

**The "Project."** Plaintiff alleges that it "possesses a copyright for some or all of the Project's ultimate expression" through the "presently-in-development" and "anticipated" manner in which the Project "is contemplated." (Compl. ¶¶ 87, 90.) Plaintiff alleges it "has filed for copyright protection … by uploading and registering a 'sizzle reel' and treatment." (Compl. ¶ 89.)

**The first-filed Tennessee action.** On October 1, 2025—more than seven months before this suit—Defendant filed an action in the Chancery Court of Davidson County, Tennessee, *Spirko v. Dos Amicas LLC,* No. 25-1383-III, seeking a declaration that the Release is "invalid, void, voidable, and/or unenforceable." (Compl. ¶¶ 13–14; Ex. B.) That action remains pending. (Compl. ¶ 17.) Plaintiff filed the present action on May 6, 2026. (Compl., caption.)

## IV.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the burden of establishing subject-matter jurisdiction rests on the party asserting it. (*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).) A Rule 12(b)(1) motion challenges that jurisdiction, which must be established before

the Court may proceed and may be raised at any time. (Fed. R. Civ. P. 12(h)(3).)

To survive a Rule 12(b)(6) motion, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable." (*Iqbal*, 556 U.S. at 678.) "[L]abels and conclusions" and "a formulaic recitation of the elements" do not suffice. (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) On a Rule 12(b)(6) motion, the Court may consider documents attached to or incorporated by reference in the complaint, and "need not accept as true allegations that contradict" those documents. (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).) Where a contract is attached to the complaint, the Court may construe its terms and may resolve enforceability where it turns on a pure question of law.

**V.   ARGUMENT**

**A.   The Complaint Should Be Dismissed Under Rule 12(b)(1) for Lack of Subject-Matter Jurisdiction (Joining Dkt. 14).**

**1. Diversity jurisdiction is not established.** A limited liability company is a citizen of every state of which any of its members is a citizen. (*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).) The Complaint alleges the citizenship of only Plaintiff's two "managing members" (Compl. ¶ 2); it does not allege the citizenship of any non-managing members, or that the two named individuals are Plaintiff's only members. Plaintiff's citizenship is therefore not established. Nor does the Complaint adequately

14

allege the amount in controversy. The party invoking diversity jurisdiction bears the burden of establishing that the amount in controversy exceeds $75,000 (*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)), and where the allegations are conclusory the Court may require further proof (*McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). "Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact." (*Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).) Here, Plaintiff's single conclusory sentence— that "the amount in controversy, as reflected by Plaintiff's assessment of its damages to be proven at trial exceeds $75,000.00" (Compl. ¶ 7)—is without substance: by the Complaint's own account, the "Project" is unfinished and unreleased, consisting so far of a "sizzle reel" and a "treatment" (Compl. ¶ 89), and the Complaint pleads no facts showing what commercial value the Project has, much less how the Tennessee Litigation or a podcast diminished that value by more than $75,000. (*See* Dkt. 14 at 8–9, adopted.)

**2. The copyright claim is too insubstantial to confer federal-question jurisdiction.** A federal claim that is "wholly insubstantial and frivolous" does not confer jurisdiction under 28 U.S.C. §§ 1331 or 1338. (*Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974).) For the reasons set forth in Part V.B, the copyright claim—the Complaint's sole asserted basis for federal-question jurisdiction—is devoid of merit: no registration, no identified work, no alleged copying, and a theory that would

copyright the facts of a public criminal case. It exists solely as a vehicle to pull an ordinary state-law contract dispute into federal court. (*See* Dkt. 14 at 10–11, adopted.)

**3. Supplemental jurisdiction should be declined.** If the copyright claim is dismissed, the Court may decline supplemental jurisdiction over the remaining state-law claims. (28 U.S.C. § 1367(c)(3).) "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state-law claims." (*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).) Every factor favors declination here: the first-filed Tennessee Litigation is already pending and addresses the same core dispute—the validity of the Appearance Release; the operative conduct, witnesses, and evidence are in Tennessee; and Tennessee has a paramount interest in disputes arising from litigation conducted in its courts. (*See* Dkt. 14 at 11–13, adopted.)

**B.  The Fifth Cause of Action for Copyright Infringement Fails as a Matter of Law.**

A copyright plaintiff must plead (1) ownership of a valid copyright and (2) copying of original, protected expression. (*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).) The Complaint fails at every step.

**1. Plaintiff does not allege a completed registration, a precondition to suit.** Under 17 U.S.C. § 411(a), "registration … has been made" is a precondition to filing an infringement action. The Supreme Court has held that this requires the Copyright Office to have *acted on* the application—an application alone is insufficient. (*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302–03 (2019).) The Complaint alleges only that Plaintiff "has filed for copyright protection … by uploading and registering" materials. (Compl. ¶ 89.) That ambiguous allegation pleads, at most, a pending application, which is fatal to the claim. Because the registration defect is curable if a registration issues, dismissal of this claim is properly without prejudice. The Fifth Cause of Action should be dismissed on this ground alone.

**2. Copyright does not protect facts, ideas, or "subject matter."** "In no case does copyright protection … extend to any idea, procedure, process, … concept, principle, or discovery." (17 U.S.C. § 102(b).) Facts—including the facts of a real criminal case—are never copyrightable. (*Feist*, 499 U.S. at 344–45.) Copyright reaches only the original, protectable elements of a work, not the unprotectable facts, ideas, or subject matter it conveys. (*Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069–70 (9th Cir. 2020) (en banc).) Yet the Complaint repeatedly grounds its claim in Defendant's alleged dissemination of the "subject matter" of the Adams proceedings and the Holly Bobo case. (E.g., Compl. ¶¶ 39, 58, 84, 90.) Those underlying facts belong to no one. Discussing

17

the same real-world events on a different program, in a different medium, is not infringement—it is the exercise of First Amendment rights to comment on a matter of public interest. Two people covering the same news story do not infringe each other's copyright. (*See* Dkt. 16 at 10–11, adopted.)

**3. An unfixed, "anticipated" work is not protectable.** Copyright subsists only in "original works of authorship fixed in any tangible medium of expression." (17 U.S.C. § 102(a); *see* 17 U.S.C. § 101 (defining "fixed").) To the extent Plaintiff rests its claim on the Project's "ultimate expression" as merely "anticipated" and "presently-in-development," or on the use of the Project's "anticipated content" (Compl. ¶¶ 87, 90), there is no fixed work of authorship to own or to infringe.

**4. Plaintiff pleads no copying of protected expression.** The Complaint never identifies any original expressive element of any fixed work that Defendant allegedly copied: it identifies no copyrighted work, alleges no facts from which access could be inferred, and makes no showing of similarity— probative, substantial, or otherwise—between any work of Plaintiff and any conduct of Defendants. (*See* Dkt. 16 at 10, adopted.) It alleges only that Defendant independently speaks about the same subject. The Release's recital that the "Materials" are Plaintiff's property "including under copyright" (Compl. ¶ 88; Ex. A) cannot manufacture a copyright in uncopyrightable facts, or in Defendant's own, later, independent statements on a different program. The claim should be dismissed.

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

Dismissal of the Fifth Cause of Action eliminates the Complaint's only asserted basis for federal-question jurisdiction (28 U.S.C. §§ 1331, 1338) and any claim to statutory damages or fees under the Copyright Act. Because diversity jurisdiction has not been established (Part V.A), nothing properly remains in this Court; at a minimum, the Court should decline supplemental jurisdiction over the state-law claims (28 U.S.C. § 1367(c)(3)) or stay them under *Colorado River* (Part V.H).

**C.   The First and Second Causes of Action Are Not Viable: the Exclusivity Covenant Is Unenforceable and the Implied-Covenant Count Is Duplicative.**

Plaintiff's breach-of-contract claim rests entirely on the Release's one-year "exclusivity" covenant. (Compl. ¶¶ 49, 57.) That covenant is unenforceable, and the question of its enforceability is, in any event, the precise issue already pending in the first-filed Tennessee action—an independent reason to dismiss or, at a minimum, to stay these claims (see Part V.H).

**1. The covenant is an unreasonable restraint under California law.**

Plaintiff chose California law to govern the Release and invokes a California forum. (Ex. A; Compl. ¶¶ 9–12.) Under that law, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." (Cal. Bus. & Prof. Code § 16600.) In the employment context, California applies section 16600 as a *per se* rule and rejects any "narrow restraint" exception. (*Edwards v. Arthur Andersen LLP*, 44

Cal. 4th 937, 945–50 (2008).) Section 16600 also reaches contractual restraints outside the employment relationship, though such restraints are tested under the rule of reason. (*Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1148–62 (2020).) The exclusivity covenant is unreasonable under either standard: it bars Defendant—a forensic and clinical neuropsychologist and public advocate—from any media work on the subject of her advocacy, with no geographic limit and for an open-ended, potentially perpetual period (see point 2). California's strong public policy against such restraints was reinforced by 2024 legislation. (*See* Cal. Bus. & Prof. Code § 16600.5.) McLendon's Rule 12(b)(6) motion makes the same point: the exclusivity provision "is unenforceable as a matter of law" under section 16600(a) and *Edwards*. (Dkt. 16 at 13, adopted.) Defendant recognizes that, because *Ixchel* applies a rule of reason to a non-employment restraint, the ultimate validity of the covenant may present a question better resolved on a developed record. That cuts in Defendant's favor in two ways: it confirms that enforceability should be decided by the first-filed Tennessee court (Part V.H), and it defeats the "minimal merit" of any claim built on the covenant for purposes of the anti-SLAPP motion (Part V.G).

**2. The covenant is of indefinite, potentially perpetual duration.** By its terms the restraint runs "from the date hereof until the date that is one (1) year following the initial commercial release of the Production." (Ex. A.) But the Release gives Plaintiff "the … right … (but not the obligation)" to produce or release anything. (Ex. A.) The triggering event—commercial release—is

therefore entirely within Plaintiff's control and may never occur, so the restraint may bind Defendant forever. A restraint of indefinite and potentially perpetual duration, keyed to an event the restrained party can neither trigger nor influence, is unreasonable on any view of the facts.

**3. The restraint is wholly one-sided.** The Release imposes no obligation on Plaintiff and expressly provides that "no compensation shall be payable to me." (Ex. A.) A covenant that binds Defendant indefinitely while obligating Plaintiff to nothing—and compensating Defendant nothing—cannot satisfy the rule of reason. At a minimum, the recital of "good and valuable consideration" is in tension with the operative terms of the very document Plaintiff attached, and the Court need not credit a conclusory allegation of a "valid and enforceable" contract that the exhibit calls into question. (*Sprewell*, 266 F.3d at 988.)

**4. The Second Cause of Action is duplicative.** A claim for breach of the implied covenant of good faith and fair dealing that relies on the same conduct, and seeks the same damages, as a breach-of-contract claim is superfluous and subject to dismissal. (*Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).) The implied covenant cannot impose obligations beyond the contract. The Second Cause of Action should be dismissed; and to the extent the Court concludes that the enforceability of the exclusivity covenant cannot be resolved on the pleadings, the contract claims

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

should be stayed in deference to the first-filed Tennessee action that will decide that very question (Part V.H).

**D.   The Third Cause of Action (Inducing Breach of Contract) Fails.**

**1.** The claim is pleaded against "All Defendants," including Dr. Spirko. But a party to a contract cannot be held liable in tort for inducing breach of her own contract. (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994).) The claim therefore fails against Dr. Spirko as a matter of law.

**2.** Inducing breach requires a valid, enforceable underlying contract. For the reasons in Part V.C, the exclusivity covenant is unenforceable, so there is no contract to breach and the claim fails as to everyone. One cannot tortiously induce the breach of an unenforceable agreement. (*See* Dkt. 17 at 13, adopted.)

**3.** To the extent the claim rests on the separate "agreements" of nonparties Cindy and Doug Adams (Compl. ¶¶ 66, 70–72), the allegations are conclusory and pleaded "on information and belief"; those contracts are neither pleaded with particularity nor attached, and no facts show any inducement or resulting breach. (*Iqbal*, 556 U.S. at 678–81.)

**4.** Finally, to the extent the claim is predicated on the filing or prosecution of the first-filed Tennessee Litigation or communications connected with it, it is barred by the litigation privilege of both California (Cal. Civ. Code § 47(b); *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)) and Tennessee (*Simpson Strong-Tie Co. v. Stewart, Estes & Donnell*, 232 S.W.3d 18, 24

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

(Tenn. 2007); *Lambdin Funeral Serv., Inc. v. Griffith*, 559 S.W.2d 791, 792 (Tenn. 1978)), which the Tennessee courts have extended to claims of inducing breach of contract arising from an attorney's litigation conduct (*Unarco Material Handling, Inc. v. Liberato*, 317 S.W.3d 227, 237–39 (Tenn. Ct. App. 2010)), as well as by the *Noerr-Pennington* doctrine (*Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929–38 (9th Cir. 2006)). (*See* Dkt. 16 at 11–13, adopted.)

**E.   The Fourth Cause of Action (Intentional Interference with Prospective Economic Advantage) Fails.**

   **1. No specific, existing economic relationship.** The tort protects an existing relationship carrying a probable future economic benefit, not a hope of unidentified future business. Plaintiff identifies only speculative, unnamed "streamers, distributors, … financiers, buyers, sales agents" (Compl. ¶ 79)—a conclusory, hoped-for prospect that does not satisfy the plausibility standard. (*Iqbal*, 556 U.S. at 678.)

   **2. No independently wrongful act.** A plaintiff must plead that the defendant's interfering conduct was wrongful "by some measure beyond the fact of the interference itself." (*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392–93 (1995); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158–59 (2003).) Filing a lawsuit is protected petitioning activity; making public statements about a notorious criminal case is protected speech. Neither is "independently wrongful," and lawful competition and

commentary on matters of public interest are not actionable. (*See* Dkt. 16 at 13–14, adopted.)

**3. The conduct alleged is privileged.** The interference Plaintiff describes consists largely of Defendant's filing of the Tennessee action and her public speech. The Civil Code section 47(b) litigation privilege is absolute and bars tort claims premised on communications made by a participant in a judicial proceeding to achieve its objects (*Silberg*, 50 Cal. 3d at 212), including "statements made prior to the filing of a lawsuit" (*Hagberg v. California Federal Bank*, 32 Cal. 4th 350, 360–61 (2004)); Tennessee law is in accord (*Simpson Strong-Tie*, 232 S.W.3d at 24). Independently, the *Noerr-Pennington* doctrine immunizes the filing and threatening of litigation and related communications. (*Sosa*, 437 F.3d at 929–38.)

**F.   The Sixth Cause of Action (Civil Conspiracy) Fails.**

Civil conspiracy is not a freestanding cause of action; it is a theory of vicarious liability that requires an actionable underlying tort. (*Applied Equipment*, 7 Cal. 4th at 510–11.) Because the underlying claims fail, so does the conspiracy claim. The Complaint's conspiracy allegations are also entirely conclusory—alleging only that Defendants "agreed to engage in a common plan and design to negatively impact the Project" (Compl. ¶ 95)—precisely the kind of "[t]hreadbare recital[]" that *Iqbal* holds insufficient. (556 U.S. at 678; *see* Dkt. 16 at 14, adopted.) Independently, the agent's-immunity rule bars treating attorney McLendon's representation of his client, Dr. Spirko, as a "conspiracy"

24

with her. (*Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 44–48 (1989).) What the Complaint describes is not a conspiracy at all—it is an attorney representing his client. (*See* Dkt. 15 at 17; Dkt. 17 at 12–14.)

**G.   In the Alternative, the State-Law Tort Claims (Counts III, IV, and VI) Should Be Stricken Under California's Anti-SLAPP Statute.**

California's anti-SLAPP statute applies in federal court to state-law claims brought under diversity or supplemental jurisdiction (*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999); *Sarver v. Chartier*, 813 F.3d 891, 899–900 (9th Cir. 2016); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141 (9th Cir. 2022)), and a motion challenging the legal sufficiency of the claims is evaluated under the Rule 12(b)(6) standard (*Planned Parenthood Fed'n of Am., Inc. v. Center for Medical Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018)). The Court analyzes the motion allegation-by-allegation and strikes those claims or allegations that arise from protected activity. (*Baral v. Schnitt*, 1 Cal. 5th 376, 393–96 (2016).) Co-Defendant McLendon has filed a parallel special motion to strike the same three causes of action (Dkt. 17), which Dr. Spirko joins to the extent applicable to her.

**Step one: protected activity.** Defendant does not contend that every allegation in the tort counts arises from protected activity; the gravamen of certain allegations is commercial. But the inducement, interference, and conspiracy counts each rest in substantial part on two categories of protected

25

conduct that should be stricken: (i) Defendant's filing of the first-filed Tennessee action—a statement before, and in connection with, a judicial proceeding (§ 425.16(e)(1)–(2)). Filing a lawsuit is the quintessential exercise of the right to petition (*Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999)), and the protection extends to all communicative acts incident to litigation, including pre-litigation communications, legal advice, and advocacy related to pending or anticipated proceedings (*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006)); and (ii) her public commentary, through the "Trial and Error" podcast, on the Adams post-conviction proceedings and the death of Holly Bobo (§ 425.16(e)(3)–(4)). Criminal judicial proceedings are "without question events of legitimate concern to the public" (*Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 492 (1975)), and "[t]he subject of crimes and criminals … plunges deeply into the heart of public concern" (*Tague v. Citizens for Law & Order, Inc.*, 75 Cal. App. 3d Supp. 16, 23 (1977)). As Plaintiff's own Exhibit B reflects, Defendant became involved in those proceedings in her professional capacity and made clear from the outset that she would not relinquish her ability to speak publicly about them. (Ex. B ¶¶ 7–8, 11.) Plaintiff expressly predicates its interference and conspiracy theories on Defendant's "initiating litigation" and "public campaigns to disseminate" information about the case. (Compl. ¶¶ 79, 96; see also ¶¶ 39, 47–50.)

**Step two: no minimal merit.** For the reasons in Parts V.B through V.F —in particular the litigation privilege of California and Tennessee, *Noerr-*

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

*Pennington*, and the absence of any independently wrongful act—Plaintiff cannot demonstrate the minimal merit required to preserve the allegations arising from that protected conduct. Those allegations should be stricken, and Defendant should recover her costs, and any fees authorized by law, under section 425.16(c).

*H.   In the Alternative, the Court Should Stay This Action Under* Colorado River.*

A federal court ordinarily has a "virtually unflagging obligation" to exercise the jurisdiction given to it, but in exceptional circumstances it may stay an action in deference to parallel state proceedings to promote wise judicial administration. (*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15–16, 23–26 (1983); *R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).) Should any claim survive dismissal, those circumstances are present here.

The two actions are parallel: both turn on the enforceability of the same Release under the same governing California law, and the parties substantially overlap. Although the federal courts' exclusive jurisdiction over copyright claims can render actions non-parallel, that obstacle dissolves once the copyright count is dismissed for the independent reasons in Part V.B, leaving only ordinary state-law contract and tort claims that mirror the issues already before the Tennessee court—claims to which *Colorado River* fully applies.

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

The exceptional factors favor a stay, and the most telling is the reactive, forum-shopping posture of this suit. The Tennessee action was filed first, on October 1, 2025—more than seven months before this suit—and Plaintiff filed here on May 6, 2026, just two days before the scheduled Tennessee hearing on the Release's validity. The remaining factors—the desirability of avoiding piecemeal litigation over a single contract, the order in which the forums obtained jurisdiction, and the source of governing law—each point the same way.

Plaintiff's anticipated objections do not change the analysis. That the Release contains a Los Angeles forum-selection clause (Compl. ¶¶ 9–10) is not a reason to retain the case: the enforceability of the Release—including that clause—is the very merits question reserved for the first-filed court, and a *stay* (rather than dismissal) respects the clause while avoiding duplicative litigation. Nor does Plaintiff's contention that Tennessee lacks jurisdiction (Compl. ¶¶ 16–18) defeat deference: the first-filed court decides its own jurisdiction, and Plaintiff's decision to litigate the Release's validity in two forums at once is precisely the problem abstention is meant to solve. At a minimum, a stay pending the Tennessee court's determination is warranted.

## VI.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint in its entirety for lack of subject-matter jurisdiction; in the alternative, dismiss the Fifth Cause of Action (without prejudice) and the

remaining causes of action (with prejudice as to those that fail as a matter of law) under Rule 12(b)(6); in the alternative, strike the Third, Fourth, and Sixth Causes of Action under Code of Civil Procedure section 425.16; and in the alternative, stay this action under the *Colorado River* doctrine pending resolution of the first-filed Tennessee action.

Dated: July 17, 2026

Respectfully submitted,

/s/ Katie Osborn Spirko
Katie Osborn Spirko
**Defendant in Pro Per**

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

# CERTIFICATE OF COMPLIANCE

The undersigned, Defendant in this action appearing in pro per, certifies that this brief contains 5569 words, which complies with the word limit of L.R. 11-6.1, and that it is set in 14-point Times New Roman type in compliance with the Court's Standing Order.

Dated: July 17, 2026

/s/ Katie Osborn Spirko
Katie Osborn Spirko
**Defendant in Pro Per**

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

**DECLARATION OF KATIE OSBORN SPIRKO RE COMPLIANCE WITH LOCAL RULE 7-3**

I, Katie Osborn Spirko, declare as follows:

1. I am the Defendant in this action and appear in pro per. I have personal knowledge of the matters stated below and, if called as a witness, could and would competently testify to them.

2. On June 11, 2026, at least seven days before the filing of this Motion, I conferred with Michael David Douglas, counsel for Plaintiff Dos Amicas LLC, by telephone regarding the substance of the Motion and the grounds for it, in compliance with Local Rule 7-3.

3. During that conference, I identified the issues raised by the Motion, including: the absence of any completed copyright registration; the unenforceability of the exclusivity covenant in the Appearance Release; the litigation privilege and *Noerr-Pennington* bars to the tort claims; the duplicative nature of the implied-covenant claim; and the first-filed Tennessee action and the resulting basis for a *Colorado River* stay. I requested that Plaintiff withdraw or narrow the Complaint accordingly.

4. The parties were unable to resolve the matters raised by the Motion. Plaintiff declined to withdraw or amend.

5. I am informed by the docket in this action that on July 8, 2026, counsel for Co-Defendant Dana Crosland McLendon III conferred with Plaintiff's counsel pursuant to Local Rule 7-3 regarding the motions at Docket Nos. 14 through 17,

31

including the subject-matter-jurisdiction grounds this Motion joins and adopts, and that the parties were unable to resolve those issues. (See Dkt. 19.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 17, 2026, at Nashville, Tennessee.

> /s/ Katie Osborn Spirko
> Katie Osborn Spirko, **Defendant in Pro Per**

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

**CERTIFICATION AND NOTICE OF INTERESTED PARTIES (L.R. 7.1-1)**

TO THE COURT AND ALL PARTIES OF RECORD: The undersigned, Defendant Katie Osborn Spirko, appearing in pro per, certifies that the following listed persons and entities may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

- Dos Amicas LLC — Plaintiff
- Natasha Pavlovich — managing member of Plaintiff
- Irena Alexandrova — managing member of Plaintiff
- Katie Osborn Spirko — Defendant
- Dana Crosland McLendon III — Defendant

Dated: July 17, 2026

/s/ Katie Osborn Spirko
Katie Osborn Spirko, **Defendant in Pro Per**

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

**PROOF OF SERVICE**

I, Katie Osborn Spirko, declare: I am the Defendant in this action, appearing in pro per. My address is 2200 21st Avenue South, Suite 401, Nashville, TN 37212.

On July 17, 2026, I served the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANT KATIE OSBORN SPIRKO TO DISMISS THE COMPLAINT [FED. R. CIV. P. 12(b)(1), 12(b)(6)]; JOINDER IN CO-DEFENDANT McLENDON'S MOTIONS (DKT. 14, 16, 17); ALTERNATIVE SPECIAL MOTION TO STRIKE [CAL. CODE CIV. PROC. § 425.16]; ALTERNATIVE MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION RE L.R. 7-3; CERTIFICATION AND NOTICE OF INTERESTED PARTIES; and [PROPOSED] ORDER** on the interested parties in this action as follows:

Michael David Douglas, Esq.
The Law Office of Michael David Douglas (MDDLegal)
606 Venice Blvd. #318, Venice, CA 90291
mdouglas@mddlegal.com
*Attorney for Plaintiff Dos Amicas LLC*

[ ] BY THE COURT'S CM/ECF SYSTEM: the document was submitted to the Clerk of the Court for filing, and the Court's CM/ECF system will send a notice of electronic filing to counsel of record, who is a registered CM/ECF user;

[ ] BY EMAIL to the address listed above; and/or

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF

[ ] BY U.S. MAIL: by placing a true copy in a sealed envelope, postage fully prepaid, addressed as listed above, and depositing it with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 17, 2026, at Nashville, Tennessee.

/s/ Katie Osborn Spirko
Katie Osborn Spirko

DEFENDANT KATIE OSBORN SPIRKO'S MOTION TO DISMISS, JOINDER, SPECIAL MOTION TO STRIKE, AND MOTION TO STAY — Case No. 2:26-cv-04915-DSF